Young, J.
INTRODUCTION
This medical malpractice cáse is before us for the second time. In Roberts v Mecosta Co Gen Hosp, 466 Mich 57; 642 NW2d 663 (2002) (Roberts I), we held that the statute of limitations could not be tolled under MCL 600.5856(d) unless notice was given in compliance with all the provisions of MCL 600.2912b, and that § 2912b imposed no requirement on defendants to object to the sufficiency of plaintiffs notices of intent before the filing of the complaint. Because the Court of Appeals had not addressed the trial court’s conclusion that plaintiffs notices of intent did not comply with § 2912b, we *682 remanded the matter to that Court for further proceedings. On remand, the Court of Appeals held that plaintiffs notices of intent strictly complied with the provisions of § 2912b.
We conclude that plaintiffs notices of intent are deficient in several respects and that, therefore, the statute of limitations was not tolled under § 5856(d). The unambiguous language of MCL 600.2912b(4) requires a medical malpractice plaintiff to include in her notice of intent a statement of (1) the factual basis for the claim, (2) the applicable standard of practice or care alleged by the claimant, (3) the manner in which it is claimed that the applicable standard of practice or care was breached, (4) the alleged action that should have been taken to comply with the alleged standard, (5) the manner in which it is claimed that the breach was the proximate cause of the injury claimed in the notice, and (6) the names of all professionals and facilities the claimant is notifying. Although the notices of intent in this case are not wholly deficient with regard to the above requirements, they are nonetheless not in full compliance with § 2912b because they fail to properly set forth allegations regarding the standard of practice or care applicable to each named defendant, allegations regarding the manner in which it was claimed that defendants breached the applicable standards of practice or care, the alleged actions that defendants should have taken in order to satisfy the alleged standards, or allegations of the manner in which defendants’ breaches of the standards constituted the proximate cause of plaintiffs injury.
Because plaintiff did not fully comply with the unambiguous requirements of § 2912b(4), we reverse the decision of the Court of Appeals and we reinstate the *683 judgments of the trial court granting defendants’ motions for summary disposition.
I. FACTS AND PROCEDURAL HISTORY
We set forth the following recitation of facts in our prior opinion:
Plaintiff was pregnant and sought treatment because she was experiencing severe pain in her abdomen. She was diagnosed as having suffered a spontaneous abortion and a D & C [dilation and curettage] was performed. Plaintiff alleges that it was later discovered that she had actually been suffering from an ectopic pregnancy, not a spontaneous abortion, and that her left fallopian tube had burst. Emergency surgery was performed to remove plaintiffs left fallopian tube. Plaintiff claims that as a result of the second operation, she can no longer bear children because her right fallopian tube had previously been removed.
Plaintiff decided to pursue a medical malpractice claim, alleging that defendants misdiagnosed her condition and subsequently performed an unnecessary operation.
Plaintiff served a notice of intent on defendant Mecosta County General Hospital on September 19, 1996, and on the. remaining defendants on September 23, 1996. Serving these notices constituted plaintiffs attempt to (1) meet the notice requirements for medical malpractice actions prescribed by MCL 600.2912b and (2) toll the statute of limitations pursuant to MCL 600.5856(d).
After the waiting period required under MCL 600.2912b had passed, plaintiff filed her complaint. Thereafter, defendants filed motions for summary disposition. Defendants argued, inter alia, that plaintiffs claims were barred by the statute of limitations because the notices of intent failed to comply with the requirements outlined in MCL 600.2912b(4). Specifically, defendants asserted that plaintiffs notices failed to sufficiently state the standard of care, the manner in which the standard was breached, the action the defendants should have taken, and the proximate cause of the injury. Defendants advanced the position that, since *684 the notices were insufficient, the period of limitation was not tolled under MCL 600.5856(d) and had therefore expired. The trial court granted the motions for summary disposition.
The Court of Appeals reversed and remanded, holding that defendants had waived their ability to challenge plaintiffs failure to comply with the notice requirements because they did not raise their objections before the time the complaint was filed .... [Roberts I, supra at 59-61.]
This Court reversed the decision of the Court of Appeals, holding that (1) the statute of limitations was not tolled unless notice was given in compliance with all the provisions of § 2912b, (2) that § 2912b imposed no duty on defendants to challenge any deficiencies in the notices of intent before the complaint was filed, and (3) that defendants were not required to assert the statute of limitations defense or to challenge the sufficiency of the notices of intent until after plaintiff filed suit. Roberts I, supra. We “expressed] no opinion concerning plaintiffs compliance or noncompliance with MCL 600.2912b, an issue that the Court of Appeals declined to answer.” Id. at 71 n 8. We remanded the matter to the Court of Appeals to address this issue. Id. at 71.
On remand, the Court of Appeals held that plaintiffs notices of intent strictly complied with the requirements of § 2912b.[1] 252 Mich App 664, 666; 653 NW2d 441 (2002). The panel opined that plaintiff s notices of intent set forth a proper factual basis for her claim and a sufficient, even if not accurate, allegation as to the applicable standard of practice or care. Id. at 667-670. The panel further concluded that, by reference to the recitations of the factual basis for the claim, the notices of intent set forth the manner in which it was claimed *685 that the applicable standards of care were breached, the alleged actions that should have been taken, and the manner in which it was alleged that the breaches of the standards of care were the proximate cause of plaintiff s injury. The panel likewise concluded that the notices properly set forth the names of all health professionals and facilities that plaintiff notified in relation to the claim.
II. STANDARD OF REVIEW
This case involves questions of statutory interpretation, which are reviewed de novo. Roberts I, supra at 62. We review the trial court’s grant of summary disposition de novo. Id.
III. ANALYSIS A. RELEVANT STATUTES
MCL 600.2912b(l)[2] precludes a medical malpractice claimant from commencing suit against a health professional or health facility unless written notice is provided to that professional or facility before the action is commenced. After providing the written notice, the claimant is required to wait for the applicable notice period to pass before filing suit.[3]
*686 The two-year period of limitation for medical malpractice actions is tolled during the notice period “after the date notice is given in compliance with section 2912b.” MCL 600.5856(d) (emphasis supplied). Thus, in order to toll the limitation period under § 5856(d), the claimant is required to comply with all the requirements of § 2912b. Roberts I, supra at 64.
MCL 600.2912b(4) enumerates the specific topics that the claimant is required to address in the written notice of intent:
The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:
(a) The factual basis for the claim.
(b) The applicable standard of practice or care alleged by the claimant.
(c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.
(d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.
(e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.
(f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim. [Emphasis supplied.]
*687 It is against this unambiguous statutory backdrop that we must determine the adequacy of plaintiffs notices of intent.
B. PLAINTIFF’S NOTICES OF INTENT DO NOT COMPLY WITH § 2912B(4)
Plaintiff provided the following notice of intent to defendant Mecosta County General Hospital:
1. FACTUAL BASIS FOR CLAIM
This is a claim for negligence which occurred on October 4, 1994, at Mecosta County General Hospital. It is claimed that on said date while pregnant with her first child, Claimant presented herself to Mecosta County General Hospital complaining of severe pain. At that time a diagnosis of a spontaneous abortion was made and a D and C was performed. Claimant was sent home at that time.
Over the course of the next few days Claimant continued to experience pain and cramping and, on October 7, 1994, was again seen at Mecosta County General Hospital. Claimant was told that the pain she was experiencing was cramps from the D and C she had done and was sent home.
Claimant returned to the hospital on October 8, 1994, wherein it was discovered that Claimant had not had a spontaneous abortion but had an ectopic pregnancy in her left tube which had burst. Emergency surgery was performed at that time and her left tube was removed.
Claimant had her right tube removed approximately ten years ago and, as a result of the negligence set forth above, she is now unable to have children.
2. THE APPLICABLE STANDARD OF PRACTICE OR CARE ALLEGED
Claimant contends that the applicable standard of care required that Mecosta County General Hospital provide the claimant with the services of competent, qualified and licensed staff of physicians, residents, interns, nurses and other employees to properly care for her, render competent advice and assistance in the care and treatment of her case and to render same in accordance with the applicable standard of care.
*688 3. THE MANNER IN WHICH IT IS CONTENDED THAT THE APPLICABLE STANDARD OF CARE WAS BREACHED
See paragraph 2 above.[4]
4. THE ACTION THAT SHOULD HAVE BEEN TAKEN TO ACHIEVE COMPLIANCE WITH THE STANDARD OF PRACTICE OR CARE
See paragraph 2 above.
5. THE MANNER IN WHICH THE BREACH WAS THE PROXIMATE CAUSE OF CLAIMED INJURY
See paragraph 2 above.
6. NAMES OF HEALTH PROFESSIONALS, ENTITIES, AND FACILITIES NOTIFIED
Mecosta County General Hospital and all agents and employees, actual or ostensible, thereof.
Plaintiff subsequently provided the following notice of intent to the remaining defendants (Obstetrics & Gynecology of Big Rapids, EC.; Gail DesNoyers, an obstetrician, and Barb Davis, RA.C., a physician’s assistant, both of whom were affiliated with the professional corporation; and Michael Atkins, M.D., a physician who treated plaintiff at the hospital’s emergency room):
1. FACTUAL BASIS FOR CLAIM
This is a claim for negligence which occurred on October 4, 1994, at Obstetrics & Gynecology of Big Rapids. It is claimed that on said date, while pregnant with her first child, Claimant presented herself to Barb Davis, PAC, Dr. Michael Atkins, and Dr. Gail DesNoyers complaining of severe abdominal pain and bleeding. At that time a diagnosis of a spontaneous abortion was made and a D & C was performed at Mecosta County General Hospital. Claimant was sent home at that time, despite Dr. DesNoyer’s [sic] knowledge of Claimant’s history of a prior ectopic pregnancy.
*689 Over the course of the next few days, Claimant continued to experience pain and cramping and, on October 7, 1994, was seen at Mecosta County General Hospital by Dr. Michael Atkins. Claimant was told that the pain she was experiencing was cramps from the D & C she had done and was sent home.
Claimant returned to the hospital on October 8, 1994, wherein it was discovered that Claimant had not had a spontaneous abortion but had an ectopic pregnancy in her left tube which had burst. Emergency surgery was performed at that time and her left tube was removed.
Claimant had her right tube removed approximately ten years ago and, as a result of the negligence set forth above, she is now unable to have any children.
2. THE APPLICABLE STANDARD OF PRACTICE OR CARE ALLEGED
Claimant contends that the applicable standard of care
required that Obstetrics & Gynecology of Big Rapids, Dr. Gail DesNoyers and Barb Davis, PAC, provide the Claimant with the services of competent, qualified and licensed staff of physicians, residents, interns, nurses and other employees to properly care for her, render competent advice and assistance in the care and treatment of her case and to render same in accordance with the applicable standard of care.
3. THE MANNER IN WHICH IT IS CONTENDED THAT THE APPLICABLE STANDARD OF PRACTICE OR CARE WAS BREACHED
Claimant claims that Obstetrics & Gynecology of Big Rapids, Dr. Gail DesNoyers and Barb Davis, PAC, failed to provide her with the applicable standard of practice and care outlined in paragraph 2 above.
4. THE ACTION THAT SHOULD HAVE BEEN TAKEN TO ACHIEVE COMPLIANCE WITH THE STANDARD OF PRACTICE OR CARE
See paragraph 2 above.
5. THE MANNER IN WHICH THE BREACH WAS THE PROXIMATE CAUSE OF CLAIMED INJURY
See paragraph 2 above.
*690 6. NAMES OF HEALTH PROFESSIONALS, ENTITIES, AND FACILITIES NOTIFIED
Obstetrics & Gynecology of Big Rapids, Gail DesNoyers, M.D., Michael Atkins, M.D., Barb Davis, PAC, and all agents and employees, actual or ostensible, thereof.
Plaintiffs notices of intent primarily set forth facts demonstrating an unfavorable outcome—the fact that plaintiff had suffered an ectopic pregnancy and a ruptured “left tube” that was not diagnosed by defendants. Although the notices satisfy some of the requirements of § 2912b, they do not satisfy all of those requirements. Missing from the notices are (1) a statement of the particular standard of practice or care applicable to each of the various defendants, (2) statements regarding the manner in which it was claimed that defendants breached the alleged standards of practice or care, (3) statements alleging the actions that should have been taken by defendants, and (4) statements regarding the manner in which defendants’ breaches of the standards of practice or care were alleged to have constituted the proximate cause of plaintiffs injury.
1. MCL 600.2912b(4)(a): FACTUAL BASIS
We agree with the Court of Appeals that the notices of intent, which generally describe the events that led to plaintiffs alleged injury, properly set out the factual basis for plaintiffs claim.
2. MCL 600.2912b(4)(b): STANDARD OF PRACTICE OR CARE
The Court of Appeals panel declined to find fault with plaintiffs statements of the standard of care, noting that (1) “defendants direct us to no authority to establish that the stated standard of care is incorrect, *691 nor do they direct us to what they believe is the proper standard of care,” and (2) “[t]he statute does not require that the claimant accurately or correctly state the standard of care nor does it declare the notice to be inadequate if the plaintiff is incorrect in stating the standard of care.” 252 Mich App 670.
With respect to the panel’s first point, it is plaintiffs burden to establish compliance with § 2912b and, in turn, to establish entitlement to application of the notice tolling provision, § 5856(d). See Roberts I, supra at 64.
With respect to the panel’s second point, we acknowledge that the notice of intent is provided at the earliest stage of a medical malpractice proceeding. Indeed, the notice must be provided before the action can even be commenced. At the notice stage, discovery as contemplated in our court rules, MCR 2.300 et seg., has not been commenced, and it is likely that the claimant has not yet been provided access to the records of the professional or facility named in the notice.[5] It is therefore reasonably anticipatable that plaintiffs aver-ments as to the applicable standard may prove to be “inaccurate” or erroneous following formal discovery; moreover, it is probable that the alleged standard of care will be disputed by the defendants.[6] In light of these circumstances, the claimant is not required to craft her notice with omniscience.[7] However, what is *692 required is that the claimant make a good-faith effort to aver the specific standard of care that she is claiming to be applicable to each particular professional or facility that is named in the notice.[8]
Here, several different medical caregivers were alleged to have engaged in medical malpractice. Yet, rather than stating an alleged standard of practice or care for each of the various defendants—a hospital, a professional corporation, an obstetrician, a physician’s assistant, and an emergency room physician— plaintiffs notices of intent allege an identical statement applicable to all defendants[9] in response to § 2912b(4)(b):
[T]he applicable standard of care required that [the hospital, the EC., Desnoyers, and Davis] provide the Claimant with the services of competent, qualified and licensed staff of physicians, residents, interns, nurses and other employees to properly care for her, render competent *693 advice and assistance in the care and treatment of her case and to render same in accordance with the applicable standard of care.
With respect to the hospital and the professional corporation, this statement does not allege a standard applicable specifically to a hospital or professional corporation as opposed to any other healthcare professional or facility. Moreover, this statement fails to indicate whether plaintiff was alleging that these defendants were vicariously or directly liable to her.[10] Although it appears from plaintiffs complaint that she is claiming that the hospital and the professional corporation are vicariously liable for the negligence of their agents, the notices of intent implied that plaintiff alleged direct negligence against these defendants for negligently hiring or negligently granting staff privileges to the individual defendants. Thus, plaintiffs notices neither alleged a standard specifically applicable to the defendant facilities, nor did they serve as adequate notice to these defendants that plaintiff planned to proceed under a vicarious liability theory at trial.
The section of plaintiffs alleged standard of care that appears to be relevant to individual defendants Des-Noyers and Davis states that
the applicable standard of care required that... [they] render competent advice and assistance in the care and treatment of her case and to render same in accordance with the applicable standard of care.
Thus, in response to the statutory query, “What is the applicable standard or practice or care alleged by the claimant?”, plaintiff has essentially answered in part: *694 “The standard of care required that defendants adhere to the standard of care.” Obviously, this statement is tautological and unresponsive, and it cannot be viewed as minimally compliant with § 2912b(4)(b). The alleged standard also observes that defendants DesNoyers and Davis were required to “properly care for” plaintiff and to “render competent advice and assistance.” Such general averments, however, are not adequately responsive to the statutory requirement that the claimant allege an applicable standard of practice or care relevant to the defendant.[11]
Again, plaintiff was not required to provide' a statement of alleged standards of care or practice that might ultimately be proven, after discovery and trial, to be correct and accurate in every respect. However, plaintiff was required to make a good-faith averment of some particularized standard for each of the professionals and facilities named in the notices.[12] We conclude *695 that plaintiffs’ notices fail to comply with § 2912b(4)(b) with respect to each defendant.
3. MCL 600.2912b(4)(c): BREACH
In response to § 2912b(4)(c), which requires a claimant to state “[t]he manner in which it is claimed that the applicable standard of practice or care was breached,” plaintiffs notice to the hospital states “See paragraph 2 above.” The notice provided to the remaining defendants[13] states:
Claimant claims that Obstetrics & Gynecology of Big Rapids, Dr. Gail DesNoyers and Barb Davis, PAC, failed to provide her with the applicable standard of practice and care outlined in paragraph 2 above.
The Court of Appeals panel held that the notices complied with § 2912b(4)(c):
If we look only to the statements in paragraphs two and three of the notices, they arguably do not comply with the statute, particularly with respect to the individual defendants. However, nothing in the statute requires that the notice of intent be in a particular format or that each of the six statutory items be separately listed or identified. If we examine the respective first paragraphs of the notices (the factual basis for the claim), we do find a statement of the manner in which plaintiff claims the standard of practice or care was breached. Specifically, the notices clearly state *696 that the medical personnel incorrectly diagnosed a spontaneous abortion rather than an ectopic pregnancy, resulting in the loss of plaintiffs only remaining fallopian tube, thus rendering her sterile. [252 Mich App 672.]
We agree that nothing in § 2912b(4) requires that the notice be in any particular format. The statute does, however, clearly require the claimant to provide “a statement” of each, of the enumerated categories of information, and we disagree with the panel’s conclusion that the required information need not be “separately ... identified.” Certainly, the statement must identify, in a readily ascertainable manner, the specific information mandated by § 2912b(4).
The notices fail to identify how the various defendants breached the applicable standards of care. Here, the hospital’s notice of intent refers to paragraph 2, in which the alleged standard of practice or care is set out. The notice of intent applicable to the remaining defendants states that defendants, defendant Atkins excluded, “failed to provide [plaintiff] with the applicable standard of practice and care.” In both instances, plaintiff has stated, in essence: “Defendants breached the standard of care by breaching the standard of care.” Such a circular and unresponsive assertion is not minimally compliant with the statutory mandate that plaintiff provide a statement of the manner in which defendants breached the applicable standards of care.[14]
*697 We are also unable to discern in the paragraphs setting forth the factual basis for the claim any statement of the manner in which the standards of care were breached. The notices indicate that plaintiff complained of severe pain, was diagnosed with a miscarriage, underwent a dilation and curettage procedure, was sent home, returned to the hospital four days later, was diagnosed with an ectopic pregnancy, and underwent surgery to remove her “left tube.” Although these are certainly tragic circumstances, the facts as set forth in the notices simply do not serve to notify defendants of the manner in which they breached their respective standard of care. The notices do not aver how plaintiff alleged her treatment by any defendant was deficient. There is no allegation, for example, that any of the defendants failed to perform critical tests, incorrectly diagnosed her condition, or failed to refer her to a specialist in keeping with the appropriate standard of care. Although, perhaps, an inference arises from the recitation of facts that plaintiff was alleging that one or more of the defendants should have earlier diagnosed an ectopic pregnancy, such an “inference” is not sufficient to meet the statutory requirement that plaintiff provide a statement of the manner in which each defendant breached the applicable standard of care.[15]
*698 4. MCL 600.2912b(4)(d): ACTION THAT SHOULD HAVE BEEN TAKEN
In response to § 2912b(4)(d), which mandates a statement of “[t]he alleged action that should have been taken to achieve compliance with the alleged standard of practice or care,” plaintiffs notices merely refer the reader to “paragraph 2” (which, on appeal, plaintiff claims should have read “paragraph 1”). The Court of Appeals panel held that the recitations of facts in the notices were sufficient to meet this requirement:
Clearly, when reading the notices as a whole, plaintiff alleges that the action that should have been taken was to have timely diagnosed the ectopic pregnancy so that it could have been treated without the loss of plaintiffs left fallopian tube. [252 Mich App 672.]
Once again, we disagree. Plaintiff has failed to identify any particular action that any defendant should have taken in order to achieve compliance with the standard of care. Defendants are left to guess not only which aspect of plaintiffs treatment was deficient, but what plaintiff alleges defendants should have done differently.
*699 Plaintiffs notices of intent fail to satisfy the requirement of § 2912b(4)(e) that the notice contain a statement of “[t]he manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.” The Court of Appeals held that
plaintiff clearly states that the misdiagnosis resulted in having to have emergency surgery four days later to remove her only remaining fallopian tube as a result of the tube bursting from the undiagnosed ectopic pregnancy, thus rendering her sterile. This is clearly a statement of the manner in which it is alleged that the breach of the standard of practice or care proximately caused the injury. [253 Mich App 673.]
We disagree with the assertion that plaintiff “clearly state[d]” that a misdiagnosis by any of the defendants resulted in her fallopian tube bursting and in her ensuing sterility. Nowhere in the notices does plaintiff state that any of the defendants misdiagnosed her condition; nor do the notices state any consequences stemming from a misdiagnosis. Indeed, the reader is left to wonder whether plaintiff is alleging that a diagnosis of ectopic pregnancy could have been made in time to avoid the rupture of her “tube,” or whether she is alleging that her tube ruptured as a direct result of her treatment by defendants DesNoyers and Davis on October 4,1996.[16] With no specific allegations regarding *700 the conduct of any of the named defendants, the notices are insufficient to meet the particularized requirements of § 2912b(4)(e).[17]
6. MCL 600.2912B(4)(F): HEALTH PROFESSIONALS AND FACILITIES
Finally, we agree with the Court of Appeals that the notices of intent, which list “Mecosta County General Hospital and all agents and employees, actual or ostensible, thereof” as well as “Obstetrics & Gynecology of Big Rapids, Gail DesNoyers, M.D., Michael Atkins, M.D., Barb Davis, PAC, and all agents and employees, actual or ostensible, thereof,” contain a proper statement of the names of all defendant health professionals and facilities.
IV CONCLUSION
Under MCL 600.2912b(4), a medical malpractice claimant is required to provide potential defendants with notice that includes a “statement” of each of the statutorily enumerated categories of information. Al *701 though it is reasonable to expect that some of the particulars of the information supplied by the claimant will evolve as discovery and litigation proceed, the claimant is required to make good-faith averments that provide details that are responsive to the information sought by the statute and that are as particularized as is consistent with the early notice stage of the proceedings. The information in the notice of intent must be set forth with that degree of specificity which will put the potential defendants on notice as to the nature of the claim against them. This is not an onerous task: all the claimant must do is specify what it is that she is claiming under each of the enumerated categories in § 2912b(4). Although there is no one method or format in which a claimant must set forth the required information, that information must, nevertheless, be specifically identified in an ascertainable manner within the notice.
The notices of intent supplied by plaintiff to defendants in this case fail to comply with the statutory mandate. Among the defendants are two different facilities, an obstetrician, an emergency room physician, and a physician’s assistant, yet no attempt was made to identify a specific standard of practice or care applicable to any particular defendant. Rather than indicating the manner in which the (improperly alleged) standards of care were breached by defendants, the notices simply indicate that the standards were, in fact, breached. Nowhere in the notices does plaintiff state what actions the various defendants should have taken to comply with the appropriate standards of practice or care, or how defendants’ conduct constituted the proximate cause of plaintiffs claimed injury. Although the factual recitations in the notices indicate that plaintiff suffered an adverse medical result, this result is not connected in any meaningful way with the conduct of any defendant. *702 Accordingly, plaintiff did not fulfill her obligation under § 2912b, and the statute of limitations was not tolled during the notice period. We therefore reverse the judgment of the Court of Appeals and reinstate the judgments of the trial court granting summary disposition to defendants.
Corrigan, C.J., and Taylor and Markman, JJ, concurred with Young, J.

 The panel declined to address plaintiffs alternative argument that her notices substantially complied with § 2912b(4) and that substantial compliance was sufficient.

 MCL 600.2912b(l) provides:
Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced. [Emphasis supplied.]

 The claimant generally may not commence an action for 182 days after providing the notice of intent. Exceptions to this general rule are set *686 forth in MCL 600.2912b(3) (providing that under certain circumstances the 182-day notice period is shortened to 91 days), MCL 600.2912b(8) (providing that the claimant may file an action after 154 days if no response to the notice is received as contemplated by MCL 600.2912b[7]), and MCL 600.2912b(9) (permitting the claimant to file the action immediately if, at any time during the applicable notice period, the professional or facility named in the notice informs the claimant in writing that the professional or facility does not intend to settle the claim within the applicable notice period).

 Plaintiff contends that the references to “paragraph 2” in the notice are typographical errors, and that they should be viewed as referring to paragraph 1.

 See MCL 600.2912b(5) (requiring the professional or facility receiving notice to allow the claimant access to all medical records related to the claim that are in the control of the professional or facility within 56 days after receipt of the notice).

 Indeed, the applicable standard of practice or care is often a hotly disputed matter in a medical malpractice action, and opposing expert witnesses are likely to disagree regarding the particular standard to which a defendant should be held.

 The statute requires only that the claimant set forth particular allegations and claims regarding the applicable standard of care, breach, *692 etc. Accordingly, while the claimant must set forth allegations in good faith, in a maimer that is responsive to the specific queries posed by the statute, and with enough detail to allow the potential defendants to understand the claimed basis of the impending malpractice action, the claimant is not required ultimately to prove that her statements are “correct” in the legal sense.

 The phrase “standard of practice or care” is a term of art in the malpractice context, and the unique standard applicable to a particular defendant is an element of a medical malpractice claim that must be alleged and proven. Cox v Flint Bd of Hosp Mgrs, 467 Mich 1, 10; 651 NW2d 356 (2002). The applicable standard is governed either by statute (see, for example, MCL 600.2912a[l], which sets forth the particular proofs that a malpractice plaintiff must present with respect to a defendant’s “standard of practice or care,” depending on whether the defendant is a general practitioner or a specialist) or, in the absence of a statutory standard, by the common law. Cox, supra at 5,20. The standard of practice or care that is applicable, for example, to a surgeon would likely differ in a given set of circumstances from the standard applicable to an ob/gyn or to a nurse.

 Notably, no statement of an alleged standard of practice or care is provided with respect to defendant Atkins, the emergency room doctor.

 See Cox, supra at 11 (“A hospital may he 1) directly hable for malpractice, through claims of negligence in supervision of staff physicians as well as selection and retention of medical staff, or 2) vicariously hable for the neghgence of its agents.”).

 The dissent argues that nowhere in § 2912b(4) does the Legislature require that a plaintiff allege a “standard applicable specifically” to each defendant and, therefore, neither should this Court. Post at 712. However, as explained in n 8, the phrase “standard of practice or care” is a term of art. Proof of the standard of care is required in every medical malpractice lawsuit, and the Legislature has chosen to require a plaintiff to address standard of care issues in the notice of intent. Under a proper understanding of this term, the standard applicable to one defendant is not necessarily the same standard applicable to another defendant. See Cox, supra at 10. Thus, we are attempting to do nothing more than interpret the Legislature’s requirement in § 2912b(4)(b)—that a plaintiff provide a “statement” regarding the applicable “standard of practice or care” alleged.

 We note that in some cases the burden of explication under § 2912b(4)(b) will be minimal. For example, allegations that a physician has extracted the wrong tooth, amputated the wrong limb, or left a surgical instrument embedded in a patient’s body cavity would give rise only to a slight burden of articulation of the standard of care under § 2912b (4) (b). Under such circumstances it would be obvious to a casual observer that the standard of care would require the physician to extract the correct tooth, amputate the correct limb, or properly account for all *695 surgical instruments. However, in the instant case, plaintiffs allegations are based on an alleged failure to diagnose an ectopic pregnancy and nothing more. Whether the failure to diagnose this condition constituted a breach of the standard of care, in contrast to the above examples, is not obvious from the face of the allegations. Accordingly, plaintiff was required to provide a more exacting statement of the standard of care and of the manner in which it was breached.

 As with the statement of the applicable standard of care, the notice contains absolutely no statement with respect to a breach of the standard of care by defendant Atkins.

 At oral argument, plaintiffs counsel conceded that plaintiffs notice merely stated, in essence, that “the manner in which [the standard of care] was breached is the fact that it was breached,” and counsel took the untenable position that this is all that is required by § 2912b(4)(c). Such a construction renders the statutory notice requirement completely nugatory. Moreover, it does not fulfill the statutory purposes of notifying potential malpractice defendants of the basis of the claims against them.
Counsel’s construction of § 2912b(4)(c) is analogous to the following hypothetical example: A parent sees that a priceless lamp in his living *697 room is broken. The parent asks his child, “How did the lamp become broken?” The child replies, “The lamp is broken.” The repetition of the fact that the lamp is broken is unresponsive to the question that was asked. Similarly, plaintiffs’ notices of intent answer the question, “How was the standard of care breached?” with the response, “The standard of care was breached.”

 Plaintiffs notices of intent state that defendants engaged in “negligence” and, thus, it may said that plaintiff specifically alleged in her notices that a “breach” of the standard of care occurred. However, it is not sufficient under § 2912b(4)(c) to merely assert that a breach oc *698 curred, because that section requires that a notice more precisely contain a statement regarding the manner in which the breach is alleged to have occurred.
Despite enacting a statute that requires a plaintiff in general terms to provide her contentions regarding six aspects of her claim of medical malpractice, the dissent’s view is that the Legislature created a nullity and that a plaintiff satisfies her obligation under this statute by essentially declaring, “I went to the doctor and something bad happened.” Contrary to the dissent’s assertion that the majority has required a “high degree of specificity”—neither a term nor a concept found in our opinion—what we have required is what the statute expressly requires: A good-faith effort on the part of a plaintiff to answer the statutory questions, including the manner in which the plaintiff claims that the applicable standard of care was breached.

 Plaintiffs notices of intent state that “as a result of [defendants’] negligence ... , [plaintiff] is now unable to have any children.” At first blush, this may appear to satisfy the proximate causation requirement of § 2912b(4)(e). However, it is not sufficient under this provision to merely state that defendants’ alleged negligence caused an injury. Rather, *700 § 2912b(4)(e) requires that a notice of intent more precisely contain a statement as to the manner in which it is alleged that the breach was a proximate cause of the injury.

 The dissent urges, on the basis of legislative history, that the Legislature’s purpose in enacting § 2912b was to encourage settlement discussions. Post at 707. This use of legislative history is questionable. See In re Certified Question (Kenneth Henes Special Projects Procurement, Marketing, & Consulting Corp v Continental Biomass Industries, Inc), 468 Mich 109, 114-118; 659 NW2d 597 (2003). However, assuming that the Legislature’s primary purpose was to facilitate settlement, it is clear from the decision to depart from the generally applicable notice pleading environment created by our court rules that the Legislature believed more particularized statements were required in the context of medical malpractice litigation. Indeed, if settlement is a primary objective of § 2912b, the heightened particularity required by the statute fosters this goal by providing a defendant with a clear understanding of the plaintiffs allegations.