# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 30, 2007

130604

STEVEN JAMES, Personal Representative
of the Estate of MARJORIE JAMES,
Deceased,
          Plaintiff-Appellee,

v

W. A. FOOTE MEMORIAL HOSPITAL,
and PHILLIP RICHARDS, M.D.,
          Defendants-Appellees,

and

KHAWAJA IKRAM, M.D.,
          Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130604
COA: 262622
Jackson CC: 03-006278-NH

On order of the Court, the application for leave to appeal the January 19, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

YOUNG, J., concurs and states as follows:

I concur in the majority's decision to deny leave to appeal. I write separately because I am disturbed by the analysis the Court of Appeals employed in justifying its decision to reverse the trial court's summary disposition order. The statute at issue in this case, MCL 600.2912d(1), requires a medical malpractice plaintiff to file an affidavit of merit with his complaint. In *Roberts v Mecosta Co Gen Hosp (After Remand)*[1], this

---

[1] 470 Mich 679 (2004).

Court discussed the adequacy requirements for notices of intent under MCL 600.2912b. Despite the striking similarities between the notice of intent statute and the affidavit of merit statute, the Court of Appeals held that differing "policy considerations" made an application of *Roberts* unwarranted. Indeed the panel made its "policy considerations" known by holding that "unlike the court in *Roberts*, we do not need to read additional requirements or limitations into the [affidavit of merit] statute to aid its rational application or workability."

Simply stated, the Court of Appeals erred by not applying *Roberts* to this case.[2] The panel did not provide adequate justification for its decision to disregard *Roberts*, but merely relied on "policy considerations" as a subterfuge for its obvious disagreement with *Roberts*. While the Court of Appeals is not required to agree with this Court's decisions, it is required to properly apply those decisions. However, because the Court of Appeals opinion is unpublished and has no precedential value, this Court's intervention is unwarranted at this time.

---

[2] Moreover, the Court of Appeals ignored this Court's remand order in *Mullaney v Kistler*, 471 Mich 932 (2004), where this Court remanded back to the Court of Appeals a case dealing with the sufficiency of an affidavit of merit specifically instructing the Court of Appeals to reconsider the case in light of *Roberts*.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 30, 2007

*Corbin R. Davis*

Clerk