TOUSEY v BRENNAN

Docket No. 274086. Submitted May 9, 2007, at Grand Rapids. Decided
    May 15, 2007, at 9:20 a.m.

Marva Tousey, personal representative of the estate of Gordon
    Tousey, deceased, brought a medical malpractice, wrongful death
    action in the Muskegon Circuit Court against Gerard Brennan,
    M.D., and Northside Immediate Care Center. The court, James M.
    Graves, Jr., J., struck the plaintiff's out-of-state affidavits of merit,
    concluding that they did not comply with the certification require-
    ments of MCL 600.2102(4) and the holding in *Apsey v Mem Hosp
    (On Reconsideration)*, 266 Mich App 666 (2005). The court also
    dismissed the plaintiff's complaint with prejudice after concluding
    that the plaintiff's notice of intent to sue was deficient under the
    holding of *Roberts v Mecosta Co Gen Hosp (After Remand)*, 470
    Mich 679 (2004). The plaintiff appealed.

        The Court of Appeals *held*:

        1. The plaintiff's notice of intent satisfied the requirements of
    MCL 600.2912b(4)(e), which requires a notice of intent to state the
    manner in which it is alleged that the breach of the standard of
    practice or care was the proximate cause of the injury claimed. The
    plaintiff's notice of intent contained a declarative statement that
    "due to" Brennan's negligence and breaches of the standard of
    care or practice, Gordon Tousey suffered a fatal myocardial
    infarction. As was the case in *Boodt v Borgess Med Ctr*, 272 Mich
    App 621 (2006), however, there is no real guesswork in this case
    regarding the grounds on which the plaintiff believes that recovery
    is justified when her notice of intent is viewed as a whole and in
    conjunction with the underlying facts relating to Brennan's treat-
    ment of Gordon Tousey. Those facts, in combination with the
    statements in the notice of intent concerning how Brennan
    breached the applicable standard of care, fulfill the purpose of
    MCL 600.2912b by informing the defendants of the plaintiff's
    belief that Brennan's failure to act resulted in Gordon Tousey's
    fatal heart attack.

        2. The trial court correctly relied on *Apsey*. The Supreme
    Court subsequently reversed *Apsey*, however, and held that MCL
    600.2101(4) merely provides an alternative means of authenticat-

ing out-of-state affidavits. *Apsey v Mem Hosp*, 477 Mich 120 (2007). Accordingly, the trial court's order striking the affidavits of merit for failure to comply with that statute must be reversed.

Reversed.

NEGLIGENCE — MEDICAL MALPRACTICE — NOTICES OF INTENT.

> The notice of intent in a medical malpractice action must state the manner in which it is alleged that the breach of the standard of practice or care was the proximate cause of the injury claimed; a plaintiff satisfies this requirement if, viewing the notice of intent as a whole and in conjunction with the underlying facts, the notice is specific enough that a defendant is not forced to guess the grounds on which the plaintiff believes that recovery is justified (MCL 600.2912b[4][e]).

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Nolan & Nolan & Shafer, PLC* (by *Patrick J. Nolan*), for the plaintiff.

*Bigler, Berry, Johnston, Sztykiel & Hunt, P.C.* (by *Steven C. Berry* and *Mary Jo Boerman*), for the defendants.

Before: HOEKSTRA, P.J., and FITZGERALD and OWENS, JJ.

PER CURIAM. In this wrongful death action alleging medical malpractice, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants Gerard Brennan, M.D., and Northside Immediate Care Center (NICC). We reverse.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from the death of plaintiff's husband, Gordon Tousey, who, it is not disputed, suffered a fatal myocardial infarction just two days after being seen by Dr. Brennan for chest pains. Before filing suit, plaintiff served defendants with notice of her intent to file a

medical malpractice claim, as required by MCL 600.2912b. In her notice, plaintiff asserted that Dr. Brennan had breached the applicable standard of care by failing to immediately (1) hospitalize Tousey and secure both a coronary angiogram and cardiology consultation, (2) begin aspirin and heparin therapy and the use of beta blockers, and (3) send a sample of Tousey's blood for laboratory testing. With her subsequently filed complaint, plaintiff also filed three affidavits of merit, two of which were authenticated by out-of-state notaries public.

Defendants sought summary disposition of plaintiff's suit on the ground that plaintiff's notice of intent failed to adequately set forth the "manner" in which any alleged breach of the standard of care was a proximate cause of Tousey's death, as required by MCL 600.2912b(4)(e). Defendants additionally argued that each of the three affidavits of merit filed by plaintiff should be struck. Specifically, defendants argued that the affidavits authenticated by the out-of-state notaries failed to also contain the special certification mandated by MCL 600.2102(4) and this Court's holding in *Apsey v Mem Hosp (On Reconsideration)*, 266 Mich App 666; 702 NW2d 870 (2005). Thus, defendants argued, the out-of-state affidavits could not be received and considered by the court. Defendants further argued that the in-state affidavit, like plaintiff's notice of intent, failed to specify the manner in which any alleged violation of the applicable standard of care proximately cause Tousey's death. See MCL 600.2912d(1)(d).

Although rejecting defendants' claim that the in-state affidavit failed to set forth proximate cause, the trial court agreed that the out-of-state affidavits did not comply with the requirements of MCL 600.2102(4) and the holding in *Apsey*. Thus, the court struck the out-of-state affidavits.

Relying on *Roberts v Mecosta Co Gen Hosp (After Remand)*, 470 Mich 679; 684 NW2d 711 (2004), the trial court also agreed that plaintiff's notice of intent was deficient:

> In applying the Roberts standards to the case at bar, the court finds that plaintiff's notice of intent does not in any way state how the breach of the standard of care caused the decedent's heart attack, or how the actions that should have been taken to achieve compliance with the standard of practice or care could have prevented or reduced the likelihood of Mr. Tousey's fatal heart attack. . . . In sum, the language as to proximate cause in the notice of intent conveys only this meaning: The breaches of the standard of care are the proximate cause of Gordon Tousey's heart attack. There is nothing in the language which suggests how those breaches of the standard of care were the proximate cause of Gordon Tousey's heart attack, as required by Roberts, supra.

After concluding that plaintiff's failure to comply with MCL 600.2912b(4)(e) required that her notice of intent be struck, the trial court dismissed plaintiff's suit with prejudice on the ground that the period of limitations for plaintiff's medical malpractice claim had expired.

## II. ANALYSIS

This Court reviews de novo as a question of law a trial court's decision regarding a motion for summary disposition. *Gulley-Reaves v Baciewicz*, 260 Mich App 478, 484; 679 NW2d 98 (2004). Statutory interpretation likewise presents a question of law, calling for review de novo. *Id.*

### A. NOTICE OF INTENT

A medical malpractice claimant is required, among other prerequisites to commencing suit, to provide a

health facility or practitioner with a written notice of intent setting forth several statutorily enumerated statements about the intended suit. MCL 600.2912b; see also *Roberts, supra* at 685-686. A claimant is not required to ensure that such statements are correct, but the claimant must make a good-faith effort to set forth the required information "with that degree of specificity which will put the potential defendants on notice as to the nature of the claim against them." *Roberts, supra* at 701. The expected level of specificity must be considered in light of the fact that discovery would not yet have begun. *Id.* at 691. The details need only "allow the potential defendants to understand the claimed basis of the impending malpractice action . . . ." *Roberts, supra* at 692 n 7.

Plaintiff argues that her notice of intent satisfied these requirements and that the trial court therefore erred in finding the notice deficient and dismissing her suit. We agree.

Among the information required by MCL 600.2912b to be stated by the claimant in the notice of intent is "[t]he manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice." MCL 600.2912b(4)(e). With regard to this, plaintiff's notice of intent stated, in relevant part, that "[d]ue to the negligence and/or breaches of the . . . standard of care or practice by Dr. Gerard Brennan, Gordon Tousey suffered a life ending myocardial infarction." The trial court found this "declarative statement" to be insufficient to comply with MCL 600.2912b(4)(e). However, guided by *Roberts*, this Court recently held that in determining whether a plaintiff has satisfied the requirements of MCL 600.2912b, the question is "whether the *notice* contains the required information, not whether any specific

portion of the notice does." *Boodt v Borgess Med Ctr*, 272 Mich App 621, 628; 728 NW2d 471 (2006) (emphasis in original).

In *Boodt, supra* at 624, the plaintiff's decedent died after the defendant doctor, Michael Lauer, M.D., perforated the decedent's coronary artery during an angioplasty, causing massive bleeding. After the plaintiff filed suit, Dr. Lauer and the defendant hospital at which the procedure was performed sought dismissal on the ground that the plaintiff's notice of intent failed to comply with the requirements of MCL 600.2912b. *Id.* In concluding that the plaintiff's statement that, " '[i]f the standard of care had been followed, [the plaintiff's decedent] would not have died' " sufficiently complied with the requirements of MCL 600.2912b(4)(e) with respect to Dr. Lauer, the panel explained:

> This perfunctory statement, taken by itself, would be insufficient to explain how defendant's alleged violations of the standard of care resulted in the death, as required by MCL 600.2912b(4)(e). However, it must be viewed in the context of the entire document, the facts underlying the case, and the proper pleading standard. The notice of intent, as a whole, reveals that Dr. Lauer was conducting a procedure on a major blood vessel that involved inserting a wire into that vessel, and that during the procedure Dr. Lauer perforated the blood vessel. Dr. Lauer then failed to take steps that might have permitted him or a surgeon to repair the vessel, such as stopping the administration of an anticoagulant, performing a pericardiocentesis, notifying a surgeon, and maintaining access to the blood vessel. [*Id.* at 631-632.]

Recognizing that "the purpose of the notice of intent is to give notice of a claim against the specified parties," and that the notice therefore need only be specific enough so that defendants are not forced to " 'guess upon what grounds plaintiff believes recovery is justi-

fied,' " the panel noted that there was "no real guess-work involved in coming to the conclusion that Dr. Lauer poked a hole in an artery, causing massive bleeding that was not stopped in time to prevent the decedent's death." *Id.* at 627, 632 (citation omitted). Thus, the panel concluded, the plaintiff's notice met the requirements of MCL 600.2912b(4)(e). *Id.* at 632-633.

When viewed as a whole and in conjunction with the underlying facts, the notice of intent at issue here similarly involves "no real guesswork" regarding the grounds upon which " 'plaintiff believes recovery [to be] justified.' " *Id.* at 627, 632 (citation omitted). The notice indicates that Tousey was seen by Dr. Brennan at NICC[1] for chest pain on July 9, 2001. After drawing blood and performing an electrocardiogram that showed "changes" from the time Tousey underwent an angioplasty in 1997, Dr. Brennan indicated to Tousey that he may have suffered a minor heart attack. After then informing Tousey that an appointment with a cardiologist would be scheduled, Dr. Brennan sent Tousey home. The following day, Dr. Brennan's office informed Tousey that a cardiology appointment had been scheduled for the morning of July 13, 2001. However, on July 11, 2001, Tousey's family found him unconscious in the bathroom of his home, and he died later that day at a local hospital.

This information, when viewed in combination with the statement that Dr. Brennan breached the applicable standard of care by failing to immediately hospitalize Tousey and secure both a coronary angiogram and a cardiology consultation, begin aspirin and heparin

---

[1] Although not raised by defendants below or on appeal, we note that plaintiff failed in her notice of intent to assert any breach by NICC of an applicable standard of care, let alone the manner in which any such breach proximately caused Tousey's injury.

therapy and the use of beta blockers, and send Tousey's blood for laboratory testing, fulfills the purpose of MCL 600.2912b by informing defendants of plaintiff's belief that Dr. Brennan's failure to do these things resulted in Tousey's fatal heart attack. Accordingly, we reverse the trial court's order granting summary disposition in favor of defendants on that ground.

### B. OUT-OF-STATE AFFIDAVITS OF MERIT

Plaintiff also challenges the trial court's ruling that the out-of-state affidavits submitted by her must be struck for failure to comply with the requirements of MCL 600.2102(4) and this Court's holding in *Apsey*. Although the trial court correctly relied on *Apsey* in striking the affidavits, our Supreme Court has since reversed that decision. See *Apsey v Mem Hosp*, 477 Mich 120; 730 NW2d 695 (2007) (holding that the special-certification provisions of MCL 600.2102[4] are merely alternative means of authenticating out-of-state affidavits). Accordingly, we reverse the trial court's order striking plaintiff's out-of-state affidavits for failure to comply with MCL 600.2102(4).

Reversed.