# STATE OF MICHIGAN

# COURT OF APPEALS

---

EMILY WOOD, a Minor, by her Next Friend
TERRY WOOD,

        Plaintiff-Appellant,

v

ZVI KENNET, D.M.D., M.S.C., and ZVI
KENNET, D.M.D., M.S.C., P.C., a/k/a KENNET
ORTHODONTICS,

        Defendants,

and

MARVIN S. TAYLOR, D.D.S., P.C., d/b/a
PONTIAC FAMILY DENTAL CENTER,

        Defendant-Appellee.

UNPUBLISHED
March 17, 2016

No. 325296
Oakland Circuit Court
LC No. 2014-139234-NH

---

Before: SAAD, P.J., and SAWYER and HOEKSTRA, JJ.

PER CURIAM.

Plaintiff appeals by leave granted the trial court's order granting partial summary disposition to defendant Marvin S. Taylor, D.D.S., a professional corporation doing business as Pontiac Family Dental Center. We reverse and remand for further proceedings.

## I. FACTS

On approximately September 4, 2007, plaintiff began treatment with Dr. Zvi Kennet of Pontiac Family Dental Center (hereafter defendant). In 2008, Kennet left the practice and plaintiff began treatment with his replacement, Dr. Anthony Zimbalatti. In her complaint, plaintiff claimed that after six years of dental and orthodontic treatment from defendant, she still required two to three additional years of braces and headgear.

On August 30, 2013, plaintiff served defendant with a Notice of Intent (hereinafter NOI). Kennet was the only treater specifically named in the NOI. In part, the NOI stated:

-1-

At all pertinent times hereto, Emily Wood received dental care at Pontiac Family Dental Center. Dr. Kennet, along with all of the other providers affiliated with Pontiac Family Dental Center, were agents, ostensible agents, servants, and/or employees of Pontiac Family Dental Center; thereby imposing vicarious liability on Pontiac Family Dental Center for the actions of these health care providers.

The NOI also set out the applicable standard of care for dental facilities, orthodontists, and dentists:

a. The reasonable care, diligence and skill ordinarily and/or reasonably exercised and possessed by similarly staffed and equipped dental facilities under the same or similar circumstances.

b. The reasonable care, diligence, learning, judgment, and skill ordinarily and reasonably exercised and possessed by orthodontists under the same or similar circumstances.

c. The reasonable care, diligence, learning, judgment, and skill ordinarily and/or reasonably exercised and possessed by dentist[s] under the same or similar circumstances.

On March 3, 2014, plaintiff filed a complaint against defendant, alleging it was vicariously liable for the malpractice of Kennet and Zimbalatti. On March 14, 2014, defendant was served with the complaint. Defendant failed to respond to the complaint within 21 days as set forth in MCR 2.108(A)(5), and the trial court entered a default against it on April 16, 2014. The default was set aside by stipulated order of the parties on May 6, 2014. On June 9, 2014, defendant filed its answer. More than two months later, on August 14, 2014, defendant moved for partial summary disposition of all claims of vicarious liability for the negligence of Zimbalatti pursuant to MCR 2.116(C)(4) and (10). Defendant argued that the NOI did not sufficiently identify Zimbalatti and failed to identify the standard of care applicable to and breached by him.

In response, plaintiff argued that defendant's motion was untimely pursuant to MCR 2.112(L)(2)(a) and that the NOI was sufficient to hold defendant vicariously liable for Zimbalatti's actions.

On December 10, 2014, the trial court held oral argument on defendant's motion for partial summary disposition. The trial court ruled that plaintiff's NOI was insufficient and dismissed all claims of vicarious liability for the negligence of Dr. Zimbalatti against defendant.

-2-

## II. ANALYSIS

Plaintiff contends the NOI was sufficient and did not require that Zimbalatti be specifically named in the NOI. We agree that the NOI was sufficient and satisfied the statutory requirements.[1]

Under MCR 2.116(C)(10), a moving party is entitled to judgment as a matter of law if there "is no genuine issue as to any material fact." "This Court reviews de novo a trial court's decision on a motion for summary disposition." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52; 760 NW2d 811 (2008). "In relation to a motion under MCR 2.116(C)(10), we similarly review the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Odom v Wayne Co*, 482 Mich 459, 466-467; 760 NW2d 217 (2008) (internal quotations omitted). "Summary disposition is appropriate only if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 467. A genuine issue of material fact "exists when the record leaves open an issue on which reasonable minds might differ."

In determining whether summary disposition is appropriate, all matters of statutory interpretation are reviewed de novo. *Shorecrest Lanes*, 252 Mich App at 460. This Court looks to the plain language of the statute. If the statutory language is unambiguous, this Court must presume that the Legislature intended the plain meaning of the statute. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000).

MCL 600.2912b sets forth the procedure for filing a medical malpractice action in Michigan. MCL 600.2912b(1) provides:

> Except as otherwise provided in this section, a person *shall not commence an action alleging medical malpractice against a health professional or health facility* unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced. [Emphasis added.]

MCL 600.2912b(4) requires the notice to contain a statement of all of the following:

> (a) The factual basis for the claim.

> (b) The applicable standard of practice or care alleged by the claimant.

---

[1] Plaintiff also contends that the trial court erred in failing to apply the standard set forth in MCR 2.112(L)(2) regarding a showing of good cause for defendant's untimely challenge to the NOI. Because we conclude that the NOI was sufficient, we need not address the timeliness issue.

-3-

(c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.

(d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.

(e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.

(f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim. [Emphasis added.]

Defendant argues that the NOI does not comply with MCL 600.2912b(4) because: (1) the NOI failed to specifically identify Zimbalatti; (2) the NOI failed to state the standard of care applicable to Zimbalatti; and, (3) the NOI failed to describe how Zimbalatti allegedly breached the standard of care. We disagree.

It is clear from a plain reading of MCL 600.2912b that a plaintiff must give notice to all parties it intends to commence a medical malpractice lawsuit against and name those parties in the notice, in addition to the other required elements listed in section (4). Thus, a plain reading of the statute requires that only named defendants of the lawsuit be named in the NOI. The Michigan Supreme Court's analysis of this statute reaches the same conclusion. In *Roberts v Mecosta Co Gen Hosp (After Remand)*, 470 Mich 679, 682; 684 NW2d 711 (2004), the Supreme Court stated that a notice of intent must

properly set forth allegations regarding the standard of practice or care applicable *to each named defendant*, allegations regarding the manner in which it was claimed that *defendants* breached the applicable standards of practice or care, the alleged actions that defendants should have taken in order to satisfy the alleged standards, or allegations of the manner in which *defendants'* breaches of the standards constituted the proximate cause of plaintiff's injury. [Emphasis added.]

It is clear that had plaintiff named Zimbalatti as a defendant in this case, Zimbalatti would have a proper basis to dismiss the claims against him due to plaintiff's failure to comply with MCL 600.2912b(4). Zimbalatti, however, is not a named defendant in this action. Defendant Pontiac Family Dental Center is a named defendant and was named in the NOI. Thus, defendant Pontiac Family Dental Center was put on notice that it would be held vicariously liable for the actions of its "agents, ostensible agents, servants, and/or employees" who provided treatment to plaintiff. Defendant was aware of the identities of these "agents, ostensible agents, servants, and/or employees." The plain language of the statute only requires the NOI to specifically name defendant Pontiac Family Dental Center and does not require it to specifically name non-defendant Zimbalatti. Further, there is no requirement that Zimbalatti be a named defendant for Pontiac Family Dental

-4-

Center to be held vicariously liable for his alleged malpractice. See *Nippa v Botsford Gen Hosp,* 257 Mich App 387, 391-392; 668 NW2d 628 (2003) (The principal is "liable because the law creates a practical identity with his [agents], so that he is held to have done what they have done. . . . For all practical purposes the hospital stands in the shoes of its agents (the doctors).").

We reverse the trial court's grant of partial summary disposition to defendant, with regard to the vicarious liability claims against defendant for the alleged malpractice of Zimbalatti, and remand for further proceedings. We do not retain jurisdiction. Plaintiff may tax costs.

/s/ Henry William Saad
/s/ David H. Sawyer
/s/ Joel P. Hoekstra