622 N.W.2d 61 (2001)
463 Mich. 969
Robert FORTON and Marilyn Forton, Plaintiffs-Appellees,
v.
Michael LASZAR, Defendant-Appellant.
No. 116871, COA No. 215488.
Supreme Court of Michigan.
February 16, 2001.
On order of the Court, the motions for leave to file briefs as amicus curiae are GRANTED. The application for leave to appeal from the February 22, 2000, decision of the Court of Appeals, is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, C.J., concurs and states as follows:
I join in the order denying leave to appeal only because defendant's most compelling argument in favor of a reversal was not properly preserved for appeal.
As set forth in the Court of Appeals per curiam opinion published at 239 Mich.App. 711, 609 N.W.2d 850 (2000), plaintiffs sued defendant, a licensed residential builder, seeking compensation for alleged structural problems in their newly purchased house. Plaintiffs alleged breach of contract and a violation of the Michigan Consumer Protection Act (MCPA), M.C.L. § 445.901 et seq.; MSA 19.418(1) et seq., and the trial court entered judgment for plaintiff under both theories. On appeal to the Court of Appeals, defendant argued, in broad terms, that a contract for the sale of a residential building could not be the subject of a lawsuit under MCPA. In the course of making this argument, however, defendant did not rely on the specific exemption set forth in subsection 4(1)(a) of the MCPA. Nor did he rely on this Court's opinion in Smith v. Globe Life Ins. Co., 460 Mich. 446, 597 N.W.2d 28 (1999), which was released seven months before the Court of Appeals opinion in this case was issued.
The Court of Appeals concluded that the MCPA's definition of "trade or commerce," see M.C.L. § 445.902(d); MSA 19.418(2)(d), included the sale of a home by a residential builder. It further held that evidence of defendant's deviation from the agreed-upon blueprints supported the trial court's conclusion that defendant engaged in unfair and deceptive trade practices under *62 the MCPA. 239 Mich.App. at 715-717, 609 N.W.2d 850. In a motion for rehearing in the Court of Appeals, defendant argued for the first time that his sale of the house to plaintiffs was exempt from MCPA regulation under subsection 4(1)(a) of the MCPA. The Court of Appeals denied defendant's motion for rehearing without providing any specific explanation. Defendant now asks this Court to grant leave to consider the merits of his new argument.
Subsection 4(1)(a) of the MCPA provides that the MCPA "does not apply" to "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Defendant now contends that his sale to plaintiffs comes within this exemption because he is a residential builder licensed and regulated under the Michigan Occupational Code, M.C.L. § 339.101 et seq.; MSA 18.425(101) et seq. Of particular importance, argues defendant, is article 24 of the Occupational Code, which prohibits residential builders from departing from plans without consent. See M.C.L. § 339.2411(2)(d); MSA 18.425(2411)(2)(d). In Smith, supra, we explained that the words "transaction or conduct" in subsection 4(1)(a) of the MCPA referred to the general transaction at issue rather than the specific misconduct alleged. We then held that subsection 4(1)(a) exempted the sale of credit life insurance from the MCPA, because (1) the sale of credit life insurance was specifically authorized under the state laws governing the sale of insurance, and (2) those laws were administered by the Insurance Commissioner. Arguably, the logic of Smith would apply equally to defendant's sale of a residential home, because (1) portions of the Occupational Code regulate the conduct of residential builders, and (2) residential builders are regulated by the Residential Builders' and Maintenance and Alteration Contractors' Board.
Although defendant's legal argument appears to have substantive merit, it can be of no avail to defendant, who failed to raise the issue in a timely fashion. Subsection 4(3) of the MCPA provides that "[t]he burden of proving an exemption from this act is upon the person claiming the exemption." Defendant clearly failed to meet his burden by claiming the exemption for the first time in a motion for rehearing in the Court of Appeals.
MARILYN J. KELLY, J., concurs and states as follows:
I concur in the order denying defendant's application for leave to appeal. I write separately, without commenting on the merits of Chief Justice Corrigan's concurring statement. I wish to reiterate the well-settled fact that nothing of precedential significance should be deduced from an order of this Court denying leave. See Tebo v. Havlik, 418 Mich. 350, 363, n. 2, 343 N.W.2d 181 (1984) (opinion of Brickley, J.); Maryland v. Baltimore Radio Show, Inc., 338 U.S. 912, 919, 70 S.Ct. 252, 94 L.Ed. 562 (1950) (opinion of Frankfurter, J., respecting denial of petition for writ of certiorari); see also MCR 7.321. Accordingly, I caution the bench and bar against treating such an order or, for that matter, an accompanying explanation as having legal precedential significance. See People v. Gronewald, 607 N.W.2d 85 (2000) (Cavanagh, J., dissenting).
MICHAEL F. CAVANAGH, J., concurs in the statement of MARILYN J. KELLY, J.