*560 Per CURIAM.
At issue in this wrongful-death, medical-malpractice action is whether plaintiffs notice of intent was sufficient with respect to the defendant physician, Michael A. Lauer, M.D. The trial court granted defendants’ motion for summary disposition, holding that plaintiffs notice of intent was not sufficient, and the Court of Appeals reversed with respect to the grant of summary disposition to Lauer. 272 Mich App 621; 728 NW2d 471 (2006).
Regarding causation, the notice of intent states: “If the standard of care had been followed, [David] Waltz would not have died on October 11, 2001.” This statement does not describe the “manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice,” as required by MCL 600.2912b(4)(e). Even when the notice is read in its entirety, it does not describe the manner in which the breach was the proximate cause of the injury. When so read, the notice merely indicates that Lauer caused a perforation and that he then failed to do several things that he presumably should have done, such as perform a pericardiocentesis in a timely manner. However, the notice does not describe the manner in which these actions or the lack thereof caused Waltz’s death. As this Court explained in Roberts v Mecosta Co Gen Hosp (After Remand), 470 Mich 679, 699-700 n 16; 684 NW2d 711 (2004) (Roberts II), “it is not sufficient under this provision to merely state that defendants’ alleged negligence caused an injury. Rather, § 2912b(4)(e) requires that a notice of intent more precisely contain a statement as to the manner in which it is alleged that the breach was a proximate cause of the injury.” (Emphasis in original.)
Although the instant notice of intent may conceivably have apprised Lauer of the nature and gravamen of *561 plaintiffs allegations, this is not the statutory standard; § 2912b(4)(e) requires something more. In particular, it requires a “statement” describing the “manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.” MCL 600.2912b(4)(e). The notice at issue here does not contain such a statement.[1]
On the other hand, as we also explained in Roberts II, 470 Mich at 694, § 2912b(4) does not require a plaintiff to provide statements in the notice that “ultimately [must] be proven, after discovery and trial, to be correct and accurate in every respect.” We recognize that a “notice of intent is provided at the earliest stage of a medical malpractice proceeding,” id. at 691, and, thus, a plaintiff need only “specify what it is that she is claiming under each of the enumerated categories in § 2912b(4),” id. at 701 (emphasis in original). As long as these claims are made in good faith, the notice is not rendered insufficient simply because it is later discovered that the claims are imperfect or inaccurate in some respect. Id. at 692 n 7.
This Court has already held that a defective notice of intent does not toll the period of limitations. Roberts v Mecosta Co Gen Hosp, 466 Mich 57, 64; 642 NW2d 663 (2002) (Roberts I).[2] Plaintiff now argues that even if the *562 notice here did not toll the period of limitations, under MCL 600.5856(a) and MCL 600.2912d(l),[3] the filing of the complaint and the affidavit of merit did toll the period. See Kirkaldy v Rim, 478 Mich 581; 734 NW2d 201 (2007) (holding that the filing of the complaint and affidavit of merit tolls the period of limitations, at least until the sufficiency of the affidavit is successfully challenged). We respectfully disagree.
MCL 600.2912b(l) states that “a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.” MCL 600.2912b(4) states that the “notice given to a health professional or health facility under this section shall contain a statement of at least all of the following....” Therefore, a plaintiff cannot commence an action before *563 he or she files a notice of intent that contains all the information required under § 2912b(4). See Roberts I, 466 Mich at 64 (holding that the period of limitations is not tolled unless notice is given in compliance with all the provisions of § 2912b[4]). Because plaintiffs notice of intent here did not contain all the information required under § 2912b(4), she could not have commenced an action.[4] Therefore, her complaint and affidavit of merit could not have tolled the period of limitations.
*564 This case is distinguishable from Kirkaldy, because there the plaintiff presumably filed a notice of intent that satisfied § 2912b (4) (e). We concluded that the plaintiffs subsequent filing of a complaint and an affidavit of merit, which was later determined to be defective, tolled the period of limitations until the affidavit’s sufficiency was successfully challenged. In this case, however, plaintiff failed to file a notice of intent that satisfied the requirements of § 2912b (4) (e), and, thus, plaintiff was not yet authorized to file a complaint and an affidavit of merit. Therefore, the filing of the complaint and the affidavit of merit that plaintiff was not yet authorized to file could not possibly have tolled the period of limitations.
Because we conclude that plaintiffs notice of intent with regard to Lauer did not satisfy the requirements of § 2912b (4) (e), we reverse in part the judgment of the Court of Appeals and reinstate the trial court’s order granting summary disposition to Lauer. Finally, we deny plaintiffs application for leave to appeal as a cross-appellant because we are not persuaded that we should review the question presented.
Taylor, C.J., and Corrigan, Young, and Markman, JJ., concurred.

 The dissent contends that the notice does contain such a statement because, according to the dissent, it states that “Lauer negligently caused Waltz’s death by the continued administration of an anticoagulant after internal bleeding was detected.” Post at 567. However, contrary to the dissent’s contention, this statement cannot be found anywhere in the notice of intent. Instead, the notice only states that defendants “[flailed to timely recognize the perforation and stop the anticoagulation and order an eehoeardiogram[.]” Nowhere in the notice does plaintiff state the “manner in which [this failure] was the proximate cause of the injury claimed in the notice.” MCL 600.2912b(4)(e).

 The dissent complains that defendant waited until it was “too late to correct an alleged deficiency” to raise it. Post at 565. However, as we *562 explained in Roberts I, 466 Mich at 59, “MCL 600.2912b places the burden of complying with the notice of intent requirements on the plaintiff and does not implicate a reciprocal duty on the part of the defendant to challenge any deficiencies in the notice before the complaint is filed.” Further, the case the dissent rehes on for its position that “dismissal on the basis of a deficient notice of intent [is] inappropriate when there was no prejudice to the recipient,” post at 570, citing Lisee v Secretary of State, 388 Mich 32; 199 NW2d 188 (1972), did not involve the notice of intent specifically required by § 2912b. Further, in Rowland v Washtenaw Co Rd Comm, 477 Mich 197, 213; 731 NW2d 41 (2007), this Court, in contrast to the holding in Lisee, 388 Mich at 45, made clear that a prejudice requirement cannot be read into a statutory notice provision that does not itself contain such a requirement. The Rowland Court’s approach is most consistent with our goal to uphold the Legislature’s intent by honoring the Legislature’s choice of language. Our adherence to Rowland explains why we treat the statutory language at issue here differently from how Lisee treated the statutory language at issue in that case.

 MCL 600.5856(a) states that the filing of a complaint tolls the period of hmitations. MCL 600.2912d(l) requires a medical-malpractice plaintiff to file an affidavit of merit with the complaint.

 The dissent argues that, pursuant to MCL 600.2301, we should remand this case to the trial court to allow plaintiff to amend her notice of intent. MCL 600.2301 provides:
The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.
As discussed above, because the notice of intent was deficient, no action is pending, and § 2301 only applies to pending actions. In addition, § 2301 only applies to a “process, pleading, or proceeding.” Although the dissent acknowledges that a notice of intent is not a pleading, it argues that a notice of intent is a “proceeding.” Post at 568 and n 6. However, contrary to the dissent’s contention, our decision in Fildew v Stockard, 256 Mich 494; 239 NW 868 (1932), did not even discuss the meaning of the term “proceeding.” Moreover, any discussion in Fildew regarding whether the statute permitted amendment was dictum in light of the fact that the Court first concluded that the defendants had waived any objection to the plaintiffs misdescription in the summons and the affidavits for writs of garnishment of the state in which the defendant company was incorporated. Id. at 496. Likewise, our decision in Tudryck v Mutch, 320 Mich 99, 107; 30 NW2d 518 (1948), did not discuss the meaning of the term “proceeding.” Nor did we apply the predecessor of § 2301 to amend the settlement agreement in Tudryck, as demonstrated by the fact that we found it “unnecessary to [even] determine [whether] the settlement agreement was defective ....” Id. Neither of these cases stands in any way for the proposition that a notice of intent constitutes a “proceeding.”