# Order

Michigan Supreme Court
Lansing, Michigan

March 27, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

135706
AGNES HARDACRE and GERALD
HARDACRE,
      Plaintiffs-Appellees,
v

SAGINAW VASCULAR SERVICES,
P.C., and GEORGE CARTY, M.D.,
      Defendants-Appellants.
_____/

SC: 135706
COA: 276934
Saginaw CC: 04-054872-NH

On order of the Court, the application for leave to appeal the October 25, 2007 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I would reverse. The circuit court incorrectly concluded that the plaintiff's notice of intent comported with the statutory presuit notice requirements for medical malpractice actions. In particular, the notice failed to state "[t]he manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice," as required by MCL 600.2912b(4)(e).

Plaintiff's claim originated from alleged improper medical and surgical care provided in connection with bypass surgeries on her left leg. In the presuit notice, she stated that, during the first surgery, "grafts were placed in a way so as not to adequately bypass the occluded segments of the vessel . . . ." About two weeks after the first surgery, defendants performed a second surgery on the same leg. Plaintiff alleged that the "graft was sewn too short." She stated that, two days after surgery, "while walking in the hallway of the hospital, [she] experienced a tearing sensation in her left calf due to tearing of the graft." She returned to surgery that day for repair. Plaintiff further alleged that defendants knew about her history of vascular disease and hematologic history—a history consistent with a clotting disorder. She asserted that, after both admissions, defendants failed to discharge her with necessary anticoagulants.

Within a week of her second discharge, plaintiff was readmitted for "failure of the left bypass procedures." She consulted with an orthopedic surgeon and the decision was

made to amputate her left leg above the knee. Plaintiff claims that defendants committed malpractice that resulted in the need for amputation. But the notice fails to explain how defendants' acts were the proximate cause of the orthopedic surgeon's decision to amputate.

The proximate cause section of the notice merely states that "[t]imely and proper compliance with the Standard of Care would have prevented the need for repeat surgery and need for amputation of the leg." The standard of care section, however, merely repeats plaintiff's malpractice allegations by listing several potential methods of injury prevention; it states that defendants should have recognized the significance of plaintiff's clotting disorder, administered anticoagulant medication after surgery, placed bypass grafts to reestablish blood flow to the lower extremity, and used an appropriately sized graft. The notice fails to state how defendants' surgical care or failure to provide an anticoagulant *proximately caused* an injury that resulted in the need for amputation. Thus, the notice was insufficient as a matter of law. It failed to allege any causative link between the claimed malpractice and the ultimate injury, which could have been the result of many things, presumably including plaintiff's underlying poor vascular condition or an infectious process unrelated to the alleged acts of malpractice.

Accordingly, plaintiff's purported statement of proximate cause is *at least* as deficient as the statement we found lacking in *Boodt v Borgess Med Ctr*, 481 Mich 558 (2008). There, the statement of proximate cause similarly alleged: "If the standard of care had been followed, [the decedent] would not have died . . . ." *Id.* at 560. But, as here, the standard of care section simply listed several alleged acts of malpractice, such as the defendant's negligent perforation of an artery during surgery and failure to perform a timely pericardiocentesis. *Id.* Thus, as here, the notice did not "describe the manner in which these actions or the lack thereof caused [the decedent's] death." *Id.* As we stated in *Roberts v Mecosta Co Gen Hosp (After Remand)*, 470 Mich 679, 699-700 n 16 (2004), "it is not sufficient . . . to merely state that defendants' alleged negligence caused an injury. Rather, § 2912b(4)(e) requires that a notice of intent more precisely contain a statement as to the *manner* in which it is alleged that the breach was a proximate cause of the injury." (Emphasis in original.)

For these reasons, I dissent from the order denying leave. At a minimum, I would remand this case for the Court of Appeals to consider defendants' challenges to the notice.

MARKMAN, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 27, 2009

*Corbin R. Davis*

Clerk

d0324