# Order

Michigan Supreme Court
Lansing, Michigan

May 29, 2009

137414

JOSHUA BEASLEY,
        Plaintiff-Appellee,

v

STATE OF MICHIGAN, and
RAYMOND A. MILES,
        Defendants-Appellants.

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137414
COA: 283725
Ct of Claims: 07-000117-MZ

_____/

On order of the Court, the application for leave to appeal the August 22, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

KELLY, C.J. (*concurring*).

Plaintiff was injured in an automobile accident involving a state-owned vehicle driven by a state employee. The employee reported the accident to the state, which assigned the matter to its contractual insurance administrator, Crawford and Company. James Turner, who worked for Crawford, contacted plaintiff and gave him the claim number assigned to the accident.

Turner obtained information from plaintiff about the accident and his injuries. Later, plaintiff's attorney advised Crawford to forward all future correspondence and inquiries to him. Over the next few months, plaintiff's attorney and Crawford exchanged letters and medical records about plaintiff's injuries. Turner eventually advised plaintiff's attorney that the state would not settle.

Plaintiff then sued both the driver and the state. Defendant sought summary disposition relying on *Rowland v Washtenaw Co Rd Comm*,[1] claiming that plaintiff had

---

[1] *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007).

failed to comply with the six-month notice requirement of MCL 600.6431(3). The Court of Claims denied the motion, and the Court of Appeals denied leave to appeal.

Defendant here renews its argument that plaintiff failed to comply with the notice requirement in MCL 600.6431(3). It contends that the reasoning in *Rowland* is directly applicable to this case. However, it is not. *Rowland* interpreted the notice provision of MCL 691.1404(1). This case is governed by an entirely different provision–MCL 600.6431(3). Therefore, although *Rowland* may be similar to this case, it is distinguishable. *Rowland* does not dictate the outcome here because it involves a different statutory provision.

Justice Corrigan asserts that the Court "simply ignores precedents with which it disagrees." She is mistaken. In each of the cases in which Justice Corrigan claims the Court has ignored precedent, including this one, the Court has simply denied leave to appeal. When the Court denies leave to appeal, it does not comment on the merits of a case. Likewise, it is "well-settled that nothing of precedential significance should be deduced from an order of this Court denying leave [to appeal]."[2]

Nor would it be accurate to assert that, by denying leave, the Court implicitly ignored precedent in these cases. For example, Justice Corrigan claims that in *Vanslembrouck v Halperin*,[3] the Court ignored *Vega v Lakeland Hosps*.[4] However, *Vanslembrouck* is distinguishable from *Vega* because *Vega* determined that MCL 600.5851(1) is a saving provision, whereas *Vanslembrouck* held that MCL 600.5851(7) is a statute of limitations. Thus, these cases examined the effect of altogether different statutory provisions.

Justice Corrigan also claims that in *Hardacre v Saginaw Vascular Services*,[5] the Court failed to follow *Boodt v Borgess Med Ctr*.[6] However, in *Hardacre*, the Court denied leave to appeal because the allegations in the plaintiff's notice of intent to find an action did not need to comply with *Boodt*. In *Hardacre*, the burden of explication of the standard of care was minimal.[7]

---

[2] *Forton v Laszar*, 463 Mich 969, 971 (2001) (Kelly, J., concurring), citing *Tebo v Havlik*, 418 Mich 350, 363 n 2 (1984); see also MCR 7.321.

[3] *Vanslembrouck v Halperin*, 483 Mich ___ (Docket No. 135893, order entered April 24, 2009).

[4] *Vega v Lakeland Hosps*, 479 Mich 243 (2007).

[5] *Hardacre v Saginaw Vascular Services*, 483 Mich 913 (Docket No. 135706, order entered March 27, 2009).

[6] *Boodt v Borgess Med Ctr*, 481 Mich 558 (2008).

[7] *See Roberts v Mecosta Co Gen Hosp* (*After Remand*), 470 Mich 679, 694 n 12 (2004).

Nor did the Court "ignore precedents with which it disagrees" in *Sazima v Shepherd Bar & Restaurant*.[8] Justice Corrigan claims that the Court failed to follow *Chrysler v Blue Arrow Transport Lines*.[9] However, *Sazima* involved exceptions to the "going and coming" rule as set forth in *Camburn v Northwest School Dist*.[10] Thus, the Court was not bound by *Chrysler*.

Finally, Justice Corrigan claims the Court ignored *Smith v Khouri*[11] when it decided *Juarez v Holbrook*.[12] However, in *Juarez*, it was undisputed that the trial court performed a reasonableness analysis in calculating the proper attorney fee award. Therefore, a remand in light of *Smith* was unnecessary.

Simply put, Justice Corrigan would prefer that the Court extend precedent to facts and circumstances that the precedent does not reach. She erroneously contends that, by denying leave to appeal and not extending the precedent, the Court is undermining predictability in the law.[13]

In summary, I concur in the Court's order denying defendant's application for leave to appeal in this case. I also reject as inaccurate Justice Corrigan's contention that the Court has been ignoring precedent.

CORRIGAN, J. (*dissenting*).

In this personal injury case arising from a motor vehicle collision with a state-owned vehicle driven by a state employee, I would remand to the Court of Appeals for consideration as on leave granted. Defendant, the state of Michigan, argues with some force that plaintiff's claim may not be maintained because he did not file the statutorily required notice of his claim within six months of his accident.

---

[8] *Sazima v Shepherd Bar & Restaurant*, 483 Mich ___ (Docket No. 136940, order entered April 3, 2009).

[9] *Chrysler v Blue Arrow Transport Lines*, 295 Mich 606 (1940).

[10] *Camburn v Northwest School Dist*, 459 Mich 471, 478 (1999).

[11] *Smith v Khouri*, 481 Mich 519 (2008).

[12] *Juarez v Holbrook*, 483 Mich ___ (Docket No. 137358, order entered April 24, 2009).

[13] Justice Corrigan wishes to extend the Court's reasoning in *Rowland* to MCL 600.6431(3) based on her belief that to hold otherwise would "subvert[] both the language and the purpose of the statutory directive." *Post* at 5. I reiterate that, unless this case involves MCL 691.1404(1), which it most clearly does not, our decision to deny leave to appeal is not an "apparent detour[] from stare decisis." *Post* at 6.

The notice provision in MCL 600.6431 provides:

> (1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

> (2) Such claim or notice shall designate any department, commission, board, institution, arm or agency of the state involved in connection with such claim, and a copy of such claim or notice shall be furnished to the clerk at the time of the filing of the original for transmittal to the attorney general and to each of the departments, commissions, boards, institutions, arms or agencies designated.

> (3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action. [Emphasis added.]

The statutory language is clear. Subsections 1 and 3 together provide that in all actions for personal injuries, "[n]o claim may be maintained against the state" unless the claimant files the required notice of the claim or the claim itself within 6 months of the accrual of the claim. Here, it is undisputed that plaintiff filed no notice whatsoever and that he did not file his claim until approximately three years after the accident.

Plaintiff's failure to file the required notice in the Court of Claims bars his action regardless whether, as the Court of Claims found, the state's "insurance carrier was put on notice regarding this claim." Statutory notice provisions must be enforced as written. In *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007), the plaintiff filed a written notice after 140 days, thus failing to meet the 120-day deadline of the notice provision in the highway exception to governmental immunity, MCL 691.1404(1). This Court rejected earlier caselaw[14] that had assumed notice provisions are unconstitutional if they do not contain a prejudice requirement. *Rowland*, *supra* at 210. This Court agreed with Justice Riley's dissent in *Brown v Manistee Co Rd Comm*, 452 Mich 354 (1996), that the notice provision is social legislation that has a rational basis. "'Notice provisions rationally and reasonably provide the state with the opportunity to investigate and

---

[14] See *Hobbs v Dep't of State Hwys*, 398 Mich 90, 96 (1976), and *Brown v Manistee Co Rd Comm*, 452 Mich 354, 356-357 (1996).

evaluate a claim.'" *Rowland*, *supra* at 210, quoting *Brown, supra* at 370 (Riley, J., dissenting). Other reasons for requiring notice include "allowing time for creating reserves for the [Motor Vehicle Accident Claims] Fund, reducing the uncertainty of the extent of future demands, or even to force the claimant to an early choice regarding how to proceed." *Rowland*, *supra* at 212, citing the dissent in the consolidated cases of *Lisee v Secretary of State* and *Howell v Lazaruk*, 388 Mich 32 (1972). All these reasons provided a rational basis that assured the constitutionality of the notice provision. *Rowland*, *supra* at 212.

The notice provision at issue here is substantively identical to the provision in *Rowland*. It provides that "[n]o claim may be maintained against the state" unless the notice is filed in the Court of Claims within the prescribed time. Plaintiff did not file any notice. The Court of Claims holding that the state had notice "because the [state's] insurance carrier was put on notice regarding this claim" is completely at odds with this Court's holding in *Rowland*.

The failure of the Court of Claims to enforce the notice requirement subverts both the language and the purpose of the statutory directive. MCL 600.6431, by requiring the filing in the Court of Claims of a signed and verified notice "stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained," ensures that the notice will afford the state an opportunity to evaluate the claim and prepare for potential litigation. It also forces the claimant to specify "in detail" the nature of the claim and the types of damages alleged. By contrast, a mere informal communication with an insurance representative does not provide notice in the statutorily required manner that would assist the state in its evaluation and preparation of the case, nor does it force the claimant to make an early choice on how to proceed in the same way as does the signed and verified written notice required by MCL 600.6431.

In short, the statute requires the claimant to file a particular type of notice in a particular place, the Court of Claims. Nothing in the statute permits notice to be communicated informally through an insurance representative. The judicial branch does not possess the authority to override the Legislature's chosen method of providing notice.

Finally, the new majority's failure to abide by *Rowland* continues a growing and troubling trend. Rather than forthrightly overruling that decision, it is increasingly becoming the practice of this Court to simply ignore precedents with which it disagrees. See, e.g., *VanSlembrouck v Halperin*, 483 Mich ___ (Docket No. 135893, order entered April 24, 2009), in which the new majority ignored *Vega v Lakeland Hospitals*, 479 Mich 243, 244 (2007); *Hardacre v Saginaw Vascular Services*, 483 Mich 913 (Docket No. 135706, order entered March 27, 2009), in which it failed to follow *Boodt v Borgess Med Ctr*, 481 Mich 558 (2008); *Sazima v Shepherd Bar & Restaurant*, 483 Mich ___ (Docket No. 136940, order entered April 3, 2009), in which it failed to follow *Chrysler v Blue*

*Arrow Transport Lines*, 295 Mich 606 (1940); and *Camburn v Northwest School Dist (After Remand)*, 459 Mich 471 (1999), and *Juarez v Holbrook*, 483 Mich ___ (Docket No. 137358, order entered April 24, 2009), in which it failed to follow *Smith v Khouri*, 481 Mich 519 (2008).

In her concurrence, Chief Justice Kelly attempts to explain away the new majority's actions by sharing her views regarding the prior caselaw that the new majority has otherwise chosen to ignore. But Chief Justice Kelly's interpretation of a prior case in a concurring statement is not a decision of the Court. More importantly, her argument overlooks the fundamental problem: the new majority's continuing failure to explain its apparent disregard of this Court's precedent undermines the predictability and stability of the rule of law.

In *Van Orden v Perry*, 545 US 677, 697 (2005), a concurring justice similarly criticized the United States Supreme Court's Establishment Clause precedents as being so flexible that they were "incapable of consistent application." The concurring justice explained that "[t]he unintelligibility of this Court's precedent raises the further concern that, either in appearance or in fact, adjudication of Establishment Clause challenges turns on judicial predilections. . . . The outcome of constitutional cases ought to rest on firmer grounds than the personal preferences of judges." *Id*. (Thomas, J., concurring).

The concerns expressed in *Van Orden* find ample support in United States Supreme Court caselaw, which has long recognized the importance of a coherent body of law. See, e.g., *Hilton v South Carolina Pub Railways Comm*, 502 US 197, 202 (1991) (stating that adherence to precedent promotes stability and predictability). Legal principles should not change erratically; rather, the law should "develop in a *principled and intelligible* fashion." *Vasquez v Hillery*, 474 US 254, 265 (1986) (emphasis added). "While *stare decisis* is not an inexorable command, the careful observer will discern that any detours from the straight path of *stare decisis* in our past have occurred for *articulable* reasons . . . ." *Id*. at 266 (emphasis added).

On this Court, the new majority offers no articulable reasons whatsoever for its apparent detours from stare decisis. Instead, the majority declines to explain whether—and, if so, why—it is overruling precedent despite the obvious appearance that it is doing so. If it intends to alter legal principles embedded in this Court's decisions, then the new majority should explain its reasons clearly and intelligibly. Instead, the new majority overrules by indirection, or at least leaves the impression that it is doing so, thereby sowing the seeds of confusion and making it difficult for the citizens of this state to comprehend precisely what our caselaw requires. This appears to be an unfortunate return to our predecessors' past practice of "frequently pa[ying] little attention to the inconsistencies among its cases and declin[ing] to reduce confusion in [the Court's]

jurisprudence by overruling conflicting decisions." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 571 n 19 (2005).

Accordingly, I would remand this case to the Court of Appeals for consideration as on leave granted. Defendant advances a compelling argument that because plaintiff did not file the statutorily required notice in the Court of Claims within six months of his accident, his claim may not be maintained under the plain language of MCL 600.6431.

YOUNG and MARKMAN, JJ., join the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 29, 2009

*Corbin R. Davis*
Clerk