Kelly, C.J.
(concurring). Plaintiff was injured in an automobile accident involving a state-owned vehicle driven by a state employee. The employee reported the accident to the state, which assigned the matter to its contractual insurance administrator, Crawford and Company. James Turner, who worked for Crawford, contacted plaintiff and gave him the claim number assigned to the accident.
Turner obtained information from plaintiff about the accident and his injuries. Later, plaintiffs attorney advised Crawford to forward all future correspondence and inquiries to him. Over the next few months, plaintiffs attorney and Crawford exchanged letters and medical records about plaintiffs injuries. Turner eventually advised plaintiffs attorney that the state would not settle.
Plaintiff then sued both the driver and the state. Defendant sought summary disposition relying on Rowland v Washtenaw Co Rd Comm,[1] claiming that plaintiff had failed to comply with the six-month notice requirement of MCL 600.6431(3). The Court of Claims denied the motion, and the Court of Appeals denied leave to appeal.
Defendant here renews its argument that plaintiff failed to comply with the notice requirement in MCL 600.6431(3). It contends that the reasoning in Rowland is directly applicable to this case. However, it is not. Rowland interpreted the notice provision of MCL 691.1404(1). This case is governed by an entirely different provision — MCL 600.6431(3). Therefore, although Rowland may be similar to this case, it is distinguishable. Rowland does not dictate the outcome here because it involves a different statutory provision.
*1026 Justice Corrigan asserts that the Court “simply ignores precedents with which it disagrees.” She is mistaken. In each of the cases in which Justice Corrigan claims the Court has ignored precedent, including this one, the Court has simply denied leave to appeal. When the Court denies leave to appeal, it does not comment on the merits of a case. Likewise, it is “well-settled that nothing of precedential significance should be deduced from an order of this Court denying leave [to appeal].”[2]
Nor would it be accurate to assert that, by denying leave, the Court implicitly ignored precedent in these cases. For example, Justice CORRIGAN claims that in Vanslembrouck v Halperin,[3] the Court ignored Vega v Lakeland Hosps.[4] However, Vanslembrouck is distinguishable from Vega because Vega determined that MCL 600.5851(1) is a saving provision, whereas Vanslembrouck held that MCL 600.5851(7) is a statute of limitations. Thus, these cases examined the effect of altogether different statutory provisions.
Justice Corrigan also claims that in Hardacre v Saginaw Vascular Services,[5] the Court failed to follow Boodt v Borgess Med Ctr.[6] However, in Hardacre, the Court denied leave to appeal because the allegations in the plaintiffs notice of intent to file an action did not need to comply with Boodt. In Hardacre, the burden of explication of the standard of care was minimal.[7]
Nor did the Court “ignore precedents with which it disagrees” in Sazima v Shepherd Bar & Restaurant[8] Justice Corrigan claims that the Court failed to follow Chrysler v Blue Arrow Transport Lines.[9] However, Sazima involved exceptions to the “going and coming” rule as set forth in Camburn v Northwest School Dist.[10] Thus, the Court was not bound by Chrysler.
Finally, Justice CORRIGAN claims the Court ignored Smith v Khouri[11] when it decided Juarez v Holbrook.[12] However, in Juarez, it was undis *1027 puted that the trial court performed a reasonableness analysis in calculating the proper attorney fee award. Therefore, a remand in light of Smith was unnecessary.
Simply put, Justice CORRIGAN would prefer that the Court extend precedent to facts and circumstances that the precedent does not reach. She erroneously contends that, by denying leave to appeal and not extending the precedent, the Court is undermining predictability in the law.[13]
In summary, I concur in the Court’s order denying defendant’s application for leave to appeal in this case. I also reject as inaccurate Justice Corrigan’s contention that the Court has been ignoring precedent.

 Rowland v Washtenaw Co Rd Comm, 477 Mich 197 (2007).

 Forton v Laszar, 463 Mich 969, 971 (2001) (Kelly, J., concurring), citing Tebo v Havlik, 418 Mich 350, 363 n 2 (1984); see also MCR 7.321.

 Vanslembrouck v Halperin, 483 Mich 965 (2009).

 Vega v Lakeland Hosps, 479 Mich 243 (2007).

 Hardacre v Saginaw Vascular Services, 483 Mich 918 (2009).

 Boodt v Borgess Med Ctr, 481 Mich 558 (2008).

 See Roberts v Mecosta Co Gen Hosp {After Remand), 470 Mich 679, 694 n 12 (2004).

 Sazima v Shepherd Bar & Restaurant, 483 Mich 924 (2009).

 Chrysler v Blue Arrow Transport Lines, 295 Mich 606 (1940).

 Camburn v Northwest School Dist, 459 Mich 471, 478 (1999).

 Smith v Khouri, 481 Mich 519 (2008).

 Juarez v Holbrook, 483 Mich 970 (2009).

 Justice Corrigan wishes to extend the Court’s reasoning in Rowland to MCL 600.6431(3) based on her belief that to hold otherwise would “subvertO both the language and the purpose of the statutory directive.” Post at 1028.1 reiterate that, unless this case involves MCL 691.1404(1), which it most clearly does not, our decision to deny leave to appeal is not an “apparent detourD from stare decisis.” Post at 1030.