# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 23, 2010

139288

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

BRUCE ESSELMAN, as Personal
Representative of the Estate of
David Esselman, Deceased,
            Plaintiff-Appellee,

v

GARDEN CITY HOSPITAL,
            Defendant,

and

DAVID J. FERTEL, D.O., DAVID
FERTEL, D.O., P.L.L.C., and
D. FERTEL, D.O., P.C.,
            Defendants-Appellants.

_____/

SC: 139288
COA: 280723
Wayne CC: 06-609170-NH

On order of the Court, the application for leave to appeal the June 4, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*concurring*).

I concur in the Court's order denying defendants' application for leave to appeal. I write separately in response to Justice YOUNG's dissenting statement.

Justice YOUNG claims that this case represents another instance "where members of the Court's new philosophical majority seem to retreat from its previously stated fidelity to stare decisis." Justice YOUNG has repeated this claim on numerous occasions over the last year with the same string of citations.[1]  A review of the cases in the string

---

[1] See, e.g., *Anglers of the AuSable, Inc. v DEQ*, 485 Mich ___ (2010) (YOUNG, J., dissenting); compare *Potter v McLeary*, 484 Mich 397, 426-427 (2009) (KELLY, C.J., concurring), with *Potter*, 484 Mich at 450 n 43 (YOUNG, J., concurring in part and dissenting in part).

citation serves to illustrate that the claim is inaccurate.[2] Had other justices been in the majority in some of the decisions complained about, they might well have extended existing precedent. But the refusal of those in the majority to extend precedent is quite different from a refusal on their part to apply it to a case on point. This is a distinction that Justice YOUNG would do well to concede.

Here, plaintiff sent a notice of intent (NOI) as required by MCL 600.2912b to eighteen potential medical malpractice defendants, including doctors, nurses, professional corporations, and the hospital at which plaintiff was treated. Plaintiff's subsequent complaint named some of those defendants. After discovery, defendants moved for summary disposition on the ground that plaintiff's NOI was deficient. The trial court denied the motion. The Court of Appeals affirmed the denial.[3]

Defendants claim that the NOI was deficient because it does not properly state the standard of care applicable to each potential defendant. However, MCL 600.2912b does not require a plaintiff's NOI to explicitly line up particularized standards of care with individual defendants. Rather, as we held in *Roberts v Mecosta Co Hosp*,[4] an NOI must provide a defendant with notice sufficient to allow it to discern the general nature of the cause of action to be launched against it.[5]

Plaintiff's NOI satisfied the statutory requirements and *Roberts*. It named all of the potential defendants. At several points throughout its factual statement, it pointed out why surgery should have been performed well before it was actually performed. It also included a lengthy narrative identifying the potential defendants and alleging what they did or did not do and how their behavior was negligent and breached the standard of care.

---

[2] In those cases, Justice YOUNG opined that a case was controlled by existing precedent. He was entitled to that opinion then and is assuredly entitled to it in this case. But as evidenced by this case, his opinion may not be shared by others on the Court. This is especially true in cases involving factual scenarios significantly different from those involved in the precedent Justice YOUNG seeks to apply.

[3] *Esselman v Garden City Hosp*, 284 Mich App 209 (2009).

[4] *Roberts v Mecosta Co Hosp*, 470 Mich 679 (2004).

[5] More specifically, *Roberts* held that the plaintiff's NOI was deficient because it failed to indicate whether plaintiff was alleging vicarious or direct liability. While the complaint appeared to allege vicarious liability for the negligence of the hospital's agents, "the [NOI] implied that plaintiff alleged direct negligence against these defendants for negligently hiring or negligently granting staff privileges to the individual defendants." *Id*. at 693. Thus, as the Court of Appeals in this case correctly opined, under *Roberts*, an NOI "does not need to contain any explicit statement of whether a corporate defendant is directly or vicariously liable; rather, it only needs to serve adequate notice to the defendants whether plaintiff intends to proceed against them on a vicarious liability theory." *Esselman*, 284 Mich App at 218.

Thus, there is no basis for Justice YOUNG's claim that we failed to apply the requirements of § 2912b and *Roberts*, let alone that we have abandoned precedent. Perhaps Justice YOUNG would prefer to extend *Roberts* beyond its reach, but surely we are under no duty to do so in this case or in any other.

Finally, assuming arguendo that plaintiff's NOI was deficient, Justice YOUNG ignores the fact that this case has progressed through the filing of a complaint with affidavits of merit, discovery, and settlement efforts. Therefore, there is no practical value to amending or curing plaintiff's *pre*suit notice, especially in light of our decision in *Bush v Shabahang*.[6]

For these reasons, I concur with the Court's order denying defendants' application for leave to appeal.

MARKMAN, J. (*concurring*).

I concur in the order denying defendants' application for leave to appeal. I do so because, while plaintiff's notice of intent (NOI) could have been written in a far better structured manner, it nonetheless satisfies the requirements of the NOI statute, MCL 600.2912b(4), and the standards of *Roberts v Mecosta Co Hosp*, 470 Mich 679 (2004).

MCL 600.2912b(4) sets forth the requirements with which a NOI must comply. The statute requires, *inter alia*, that the NOI contain the applicable standard of care, the manner in which the standard of care was breached, and the actions that should have been taken to achieve compliance with the alleged standard of care. *Id.* In *Roberts*, this Court stated that a claimant is required to "make a good-faith effort to aver the specific standard of care that she is *claiming* to be applicable to each particular professional or facility that is named in the notice." 470 Mich at 692. *Roberts* specifically explained, however, that "nothing in § 2912b(4) requires that the notice be in any particular format." *Id.* at 696. Rather, as *Roberts* recognized, what a NOI must do is "identify, in a readily ascertainable manner, the specific information mandated by § 2912b(4)."[7] *Id.*

---

[6] *Bush v Shabahang*, 484 Mich 156 (2009) (holding that defects in an NOI can be disregarded under MCL 600.2301).

[7] I respectfully disagree with Justice YOUNG that the Court of Appeals' statement that the plaintiffs need not "*line* particularized standards *up* to individual defendants," *Esselman v Garden City Hospital*, 284 Mich App 209, 217 (2009) (emphasis added), contradicts the rule in *Roberts.* Whether a NOI "lines up" standards of care to individual defendants is essentially a matter of format, and *Roberts* expressly does not require that a NOI be in any "particular format." 470 Mich at 696. Therefore, I do not agree that the Court of Appeals adopted a "revision of the *Roberts* legal standard." As Justice YOUNG himself recognizes, what *Roberts* requires is that a plaintiff *include* "the particular standard of practice or care applicable to each of the various defendants." *Id.* at 690. This, plaintiff did do, albeit with less clarity than he might have.

The NOI at issue here meets the requirements of MCL 600.2912b(4) as explicated by *Roberts.* The notice's seven-page "factual basis" section provided a detailed narrative that named each defendant and described what each did or did not do. Thereafter, in the "standard of care" section, plaintiff set forth the applicable standards employing similar language as in the "factual basis" section, even in many instances identifying to whom a particular standard applies by referring to the "physicians," "nursing staff," or "anesthesiologist." When viewed in combination with the lengthy factual narrative— which *did* name the individual defendants and describe what each did or did not do— defendants could, in my judgment, "readily ascertain" which standards of care were applicable to them. Importantly, this is also true of the hospital-defendants because the NOI identified residents and nurses by name, and specified their alleged breaches, so that a corporate entity would know which employees and which agents were allegedly negligent.

In sum, by carefully reading the NOI in its entirety, potential defendants were able to "identify, in a readily ascertainable manner, the specific information mandated by § 2912b(4)."[8] *Roberts*, 470 Mich at 696. A different, and better, format could have more clearly matched each defendant with their respective standard of care, but this NOI— when viewed in its entirety—sufficiently provided this same information.

WEAVER, J., would grant leave to appeal.

YOUNG, J. (*dissenting*).

I dissent from the majority's denial of leave because the plaintiff's Notice of Intent (NOI) was defective. Accordingly, I would vacate the Court of Appeals majority decision for the reasons stated in Judge SAAD's dissenting opinion and, because current Michigan law so requires, remand this case for further proceedings consistent with *Bush v Shabahang.*[9] The majority's failure to do so indicates its unwillingness to apply the requirements of the NOI statute and *Roberts v Mecosta Co Gen Hosp (After Remand).*[10]

---

[8] Because this NOI satisfied the requirements of § 2912b(4) and *Roberts*, I respectfully disagree with Justice YOUNG that this case evidences disregard for precedent. Further, although I join Chief Justice KELLY in concurring with the instant order, I do not share her interpretation of *Roberts*, which she suggests merely requires that a NOI "provide a defendant with notice sufficient to allow it to discern the *general nature* of the cause of action to be launched against it." (Emphasis added.) In my judgment, *Roberts* require considerably more and, as Justice YOUNG correctly asserts, Roberts remains the binding law of this state. Under *Roberts*, a claimant is "required to . . . provide details that are *responsive* to the information sought by the statute and that are as *particularized* as is consistent with the early notice stage of the proceedings." 470 Mich at 701.

[9] 484 Mich 156 (2009). I continue to adhere to my position that *Bush* was wrongly decided, for the reasons stated in my dissent. Nevertheless, I recognize that its validity is

Plaintiff sent an NOI to multiple defendants, including doctors, nurses, professional corporations, and the hospital that treated plaintiff. Although the standard of care applicable to some of these defendants is not the same one applicable to others, in responding to the statutory duty to describe the standard of care applicable to the potential defendants, the plaintiff provided a laundry list of thirteen requirements, many of which failed to differentiate between the different standards of care owed by different defendants. Similarly, the plaintiff's articulation of the manner in which the standard of care was breached, and of the actions that should have been taken to comply with the standard of care, failed to differentiate between the defendants. Defendants Garden City Hospital and Dr. David Fertel moved for, inter alia, summary disposition on the basis of this alleged deficiency in the NOI. The trial court denied summary disposition, and the Court of Appeals affirmed, in a divided, published opinion.[11]

The goal of the NOI enterprise is to give defendants accused of medical malpractice reasonable notice of the nature of the claim and how the plaintiff contends they breached the relevant standard of care. This represents a significant legislative change in the medical malpractice regime, in which practitioners previously found out the nature of the claims lodged against them only after a complaint had been filed and during discovery. As such, the NOI procedure should not be diminished as the Court of Appeals has done here with the complicity of this Court. This Court of Appeals decision reintroduces the gamesmanship that the Legislature sought to end by introducing the NOI step in the litigation process.

As this Court stated in *Roberts*, the NOI must refer to "the particular standard of practice or care applicable to each of the various defendants."[12] The plaintiff is therefore required "to make good-faith averments that provide details that are responsive to the information sought by the statute and that are as particularized as is consistent with the early notice stage of the proceedings."[13] This Court's decision in *Bush v Shabahang* controls only the effect of a defective notice of intent and therefore leaves intact the Roberts requirements which describe how to determine whether an NOI is defective.

---

not at issue in this case and that it remains the binding precedent of this Court until it is overturned.

[10] 470 Mich 679 (2004).

[11] 284 Mich App 209 (2009).

[12] *Roberts*, 470 Mich at 690. (Emphasis added.)

[13] *Id*. at 701. (Emphasis in original.)

Here, the Court of Appeals majority ignored the *Roberts* requirements, merely stating that the instant NOI provided greater detail than the "tautologies" that the *Roberts* NOI stated.[14] Moreover, the Court of Appeals majority's statement that the plaintiffs need not "line particularized standards up to individual defendants,"[15] contradicts the rule of law that this Court articulated in *Roberts*, requiring plaintiffs to include "the particular standard of practice or care applicable to each of the various defendants."[16] This statement has been made in a published Court of Appeals decision that this Court is allowing to stand, even though it plainly contradicts *Roberts*.[17] In contrast, Judge SAAD's dissent correctly applied the *Roberts* standard:

> [W]hile plaintiff set forth a recitation of facts about his hospitalization, he made no effort to provide notice of which standard of care applied to or was breached by each named health professional or facility, a list that includes medical practices and professionals of varying types, training, and specialties.[18]

Judge SAAD did not have the benefit of this Court's recent decision in *Bush v Shabahang*, which, as stated, details the effect of a deficient NOI. Under *Bush*, defendants are not necessarily entitled to summary disposition, as Judge SAAD's dissenting opinion would have held. Nevertheless, Judge SAAD applied *Roberts* correctly to conclude that the plaintiff filed a deficient NOI.

This denial order is another instance where members of the Court's new philosophical majority seem to retreat from its previously stated fidelity to stare decisis.[19]

---

[14] *Esselman*, 284 Mich App at 217.

[15] *Id*. at 216.

[16] *Roberts*, 470 Mich at 690.

[17] Having signed the *Roberts* opinion, Justice MARKMAN, I assume, does not agree with this Court of Appeals revision of the *Roberts* legal standard.

[18] *Id*. at 228 (SAAD, J., dissenting).

[19] See, e.g., *Pohutski v City of Allen Park*, 465 Mich 675, 712 (2002) (KELLY, J., dissenting) ("[I]f each successive Court, believing its reading is correct and past readings wrong, rejects precedent, then the law will fluctuate from year to year, rendering our jurisprudence dangerously unstable."); *People v Hawkins*, 468 Mich 488, 517-518 (2003) (CAVANAGH, J., dissenting) ("We have overruled our precedents when the intervening development of the law has 'removed or weakened the conceptual underpinnings from the prior decision, or where the later law has rendered the decision irreconcilable with competing legal doctrines or policies.'. Absent those changes or compelling evidence bearing on Congress' original intent . . . our system demands that we adhere to our prior interpretations of statutes."), quoting *Patterson v McLean Credit Union*, 491 US 164, 173 (1989) and *Neal v United States*, 516 US 284, 295 (1996); *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 278 (2007) (CAVANAGH, J., dissenting) ("'Under the doctrine of

Since the shift in the Court's philosophical majority in January 2009, the new majority has pointedly sought out precedents only recently decided[20] and has failed to give effect to other recent precedents of this Court.[21] Today, the Court again fails to give effect to a

---

stare decisis, principles of law deliberately examined and decided by a court of competent jurisdiction become precedent which should not be lightly departed.'"), quoting *People v Jamieson*, 436 Mich 61, 79 (1990); *Brown v Manistee Co Rd Comm*, 452 Mich 354, 365 (1996) ("Absent the rarest circumstances, we should remain faithful to established precedent."); Todd C. Berg, *Hathaway attacks*, Michigan Lawyers Weekly, October 27, 2008 ("'People need to know what the law is,' Hathaway said. 'I believe in stare decisis. Something must be drastically wrong for the court to overrule.'"); *Lawyers' election guide: Judge Diane Marie Hathaway*, Michigan Lawyers Weekly, October 30, 2006, in which Justice HATHAWAY, then running for a position on the Court of Appeals, was quoted as saying: "[t]oo many appellate decisions are being decided by judicial activists who are overturning precedent."

[20] See, e.g., *University of Michigan Regents v Titan Ins Co*, 484 Mich 852 (2009) (directing the parties to consider whether *Cameron v ACIA*, 476 Mich 55 (2006), was correctly decided); *McCormick v Carrier*, ___ Mich ___ (2009) (Docket No. 136738, order entered August 20, 2009) (granting leave to consider the plaintiff's request to overrule *Kreiner v Fischer*, 471 Mich 109 (2004)); *Lenawee Co Bd of Rd Comm'rs v State Auto Prop & Cas Ins Co*, ___ Mich ___ (2009) (Docket Nos. 137667-8, order entered September 2, 2009) (directing the parties to consider whether *Miller v Chapman Contracting*, 477 Mich 102 (2007), was correctly decided); *Edry v Adelman*, ___ Mich ___ (2009) (Docket No. 138187, order entered September 30, 2009) (directing the parties to consider whether *Wickens v Oakwood Healthcare Sys*, 465 Mich 53 (2001), was correctly decided); *Hoover v Michigan Mut Ins Co*, ___ Mich ___ (2009) (Docket No. 138018, order entered September 25, 2009) (directing the parties to consider whether *Griffith v State Farm Mut Automobile Ins Co*, 472 Mich 521 (2005), was correctly decided); *Lansing Schools Education Ass'n v Lansing Bd of Ed*, ___ Mich ___ (2009) (Docket No. 138401, order entered November 19, 2009) (directing the parties to consider whether *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726 (2001), was correctly decided); *Anglers of the AuSable v Dep't of Environmental Quality*, ___ Mich ___ (2010) (directing the parties to consider whether *Michigan Citizens v Nestlé Waters*, 479 Mich 280 (2007), and *Preserve the Dunes v DEQ*, 471 Mich 508 (2004), were correctly decided); *Colaianni v Stuart Frankel Development Corp*, ___ Mich ___ (2010) (granting to consider whether *Trentadue v Buckler Automatic Lawn Sprinkler*, 479 Mich 378 (2007), was correctly decided).

[21] See, e.g., *Hardacre v Saginaw Vascular Services*, 483 Mich 918 (2009), where the majority failed to follow *Boodt v Borgess Med Ctr*, 481 Mich 558 (2008); *Sazima v Shepherd Bar & Restaurant*, 483 Mich 924 (2009), where it failed to follow *Chrysler v Blue Arrow Transport Lines*, 295 Mich 606 (1940), and *Camburn v Northwest School Dist*, 459 Mich 471 (1999); *Vanslembrouck v Halperin*, 483 Mich 965 (2009), where it failed to follow *Vega v Lakeland Hosps*, 479 Mich 243, 244 (2007); *Juarez v Holbrook*, 483 Mich 970 (2009), where it failed to follow *Smith v Khouri*, 481 Mich 519 (2008); *Beasley v Michigan*, 483 Mich 1025 (2009), *Chambers v Wayne Co Airport Auth*, 483 Mich 1081 (2009), and *Ward v Michigan State Univ*, ___ Mich ___ (2009) (Docket No. 138380, order entered October 23, 2009), where it failed to follow *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007); and *Scott v State Farm Automobile Ins Co*, 483 Mich 1032 (2009), where it failed to follow *Thornton v Allstate Ins Co*, 425 Mich 643 (1986), and *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626 (1997)).

recent precedent of this Court and, in so doing, fails to give meaning to the medical malpractice reforms enacted by our Legislature.

Consistent with the requirements of the NOI provisions of MCL 600.2912b and this Court's binding precedent in *Roberts*, I would vacate the Court of Appeals majority opinion for the reasons stated in Judge SAAD's dissent and remand this case to the trial court for further proceedings consistent with *Bush*.

CORRIGAN, J., joins the statement of YOUNG, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

_April 23, 2010_

y0420

_Calvin R. Davis_
Clerk