# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 6, 2012

141793

THELMA JOHNSON, Personal Representative
of the Estate of CARL JOHNSON,
        Plaintiff-Appellee,

v

HURLEY MEDICAL GROUP, P.C., doing
business as HURLEY MEDICAL CENTER,
        Defendant-Appellee,
and

DR. MOONGILMADUGU INBA-VASHVU, M.D.,
        Defendant-Appellant,
and

KENNETH JORDAN, M.D.,
        Defendant.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 141793
COA: 287587
Genesee CC: 00-069254-NH

On March 8, 2012, the Court heard oral argument on the application for leave to appeal the August 12, 2010, judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and we REINSTATE the Genesee Circuit Court's order granting summary disposition to the defendants. In 2000, the plaintiff filed a notice of intent (NOI) that failed to state the manner in which it was alleged that the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice, as required by MCL 600.2912b(4)(e). Because the NOI failed to contain all the information required under MCL 600.2912b(4), it did not toll the statute of limitations. *Boodt v Borgess Medical Ctr*, 481 Mich 558, 562-563 (2008); *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 59, 64 (2002). The Court of Appeals erred in concluding that under MCL 600.2301 and *Bush v Shabahang*, 484 Mich 156 (2009), the plaintiff could amend her NOI retroactive to when it was filed. By its own terms, *Bush* applies only to cases affected by the 2004 amendment of MCL 600.5856. *Id.* at 170, 185. See also *Ligons v Crittenton Hosp*, 490 Mich 61, 87 (2011) (declining "to

apply the rationale of *Bush* beyond its limited statutory focus," i.e., the 2004 amendment of MCL 600.5856). The NOI here was filed before the effective date of the 2004 amendment and thus does not fall within the holding of *Bush*. Further, because the plaintiff failed to file an NOI that complied with all the content requirements of MCL 600.2912b(4), no action could be commenced, *Boodt*, 481 Mich at 562-563, and MCL 600.2301 applies only to pending actions. *Id.* at 563 n 4; *Driver v Naini*, 490 Mich 239, 254, 264 (2011) (explaining that MCL 600.2301 is inapplicable where no action or proceeding is pending, and that no action is pending if it could not be commenced).

YOUNG, C.J. (*concurring*).

I fully concur in the Court's order. I conclude that even if *Bush v Shabahang*, 484 Mich 156 (2009), applied in this case, the decision of the panel of the Court of Appeals should be reversed because a statute of limitations defense is a substantial right of a party. *DeCosta v Gossage*, 486 Mich 116, 138 (2010) (MARKMAN, J., dissenting), citing *Gladych v New Family Homes, Inc*, 468 Mich 594, 600 (2003).

CAVANAGH, MARILYN KELLY, and HATHAWAY, JJ., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 6, 2012

_Corbin R. Davis_
Clerk

d0403