# Order

Michigan Supreme Court
Lansing, Michigan

April 26, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

145946-7 & (56)
145964-5
145977-8

TIMOTHY LaJOICE, Personal Representative
of the Estate of Kerin LaJoice,
     Plaintiff-Appellee/Cross-Appellant,
v

NORTHERN MICHIGAN HOSPITALS, INC.,
DANIEL E. McDONNELL, M.D., and
DANIEL E. McDONNELL, M.D., P.C.,
     Defendants-Appellees/Cross-Appellees,
and

BRAD E. VAZALES, M.D. and GREAT
LAKES CARDIOTHORACIC & VASCULAR
SURGERY, P.L.L.C.,
     Defendants-Appellants/Cross-Appellees.
_____/

SC: 145946-7
COA: 300684; 300788
Emmet CC: 06-009165-NH

TIMOTHY LaJOICE, Personal Representative
of the Estate of Kerin LaJoice,
     Plaintiff-Appellee,
v

NORTHERN MICHIGAN HOSPITALS, INC.,
     Defendant-Appellant,
and

BRAD E. VAZALES, M.D., GREAT LAKES
CARDIOTHORACIC & VASCULAR SURGERY,
P.L.L.C., DANIEL E. McDONNELL, M.D., and
DANIEL E. McDONNELL, M.D., P.C.,
     Defendants-Appellees.
_____/

SC: 145964-5
COA: 300684; 300788
Emmet CC: 06-009165-NH

TIMOTHY LaJOICE, Personal Representative
of the Estate of Kerin LaJoice,
     Plaintiff-Appellee,
v

NORTHERN MICHIGAN HOSPITALS, INC.,
BRAD E. VAZALES, M.D., and GREAT

SC: 145977-8
COA: 300684; 300788
Emmet CC: 06-009165-NH

LAKES CARDIOTHORACIC & VASCULAR
SURGERY, P.L.L.C.,
   Defendants-Appellees,
and

DANIEL E. McDONNELL, M.D. and
DANIEL E. McDONNELL, M.D., P.C.,
   Defendants-Appellants.
_____/

On order of the Court, the applications for leave to appeal the August 28, 2012 judgment of the Court of Appeals are considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE, in part, the judgment of the Court of Appeals and REINSTATE the Emmet Circuit Court's September 30, 2010 order granting the defendants' motions for summary disposition. The application for leave to appeal as cross-appellant is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

Contrary to the Court of Appeals' holding, *Bush v Shabahang*, 484 Mich 156 (2009), does not apply here because the plaintiff did not file his notice of intent until after the period of limitations had expired and thus, unlike in *Bush*, the issue is not whether a defective notice of intent tolls the period of limitations. Rather, it is whether a complaint filed after the filing only of a defective notice of intent tolls the wrongful death saving provision. We have already answered that question in the negative in *Boodt v Borgess Med Ctr*, 481 Mich 558 (2008). As *Boodt*, 481 Mich at 562-563, explains:

> MCL 600.2912b(1) states that "a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced." MCL 600.2912b(4) states that the "notice given to a health professional or health facility under this section shall contain a statement of at least all of the following . . . ." Therefore, a plaintiff cannot commence an action before he or she files a notice of intent that contains all the information required under § 2912b(4). Because plaintiff's notice of intent here did not contain all the information required under § 2912b(4), she

could not have commenced an action. Therefore, her complaint and affidavit of merit could not have tolled the period of limitations. [Citation omitted.]

See also *Ligons v Crittenton Hosp*, 490 Mich 61, 74-75 (2011) ("once the limitations period has run, tolling is no longer available, even if a saving statute would still allow commencement of the action"). Because the plaintiff's complaint did not toll the saving period, and because the saving period has now expired, the plaintiff's action is time barred.

CAVANAGH, J. (*dissenting*).

I respectfully dissent from the majority's decision to extend the principle established by a majority of this Court in *Waltz v Wyse*, 469 Mich 642, 644 (2004)—that a defective notice of intent does not toll the wrongful-death saving provision under MCL 600.5852—to preclude plaintiff from amending the notice of intent despite the fact that plaintiff is entitled to such relief under *Bush v Shabahang*, 484 Mich 156 (2009). I continue to adhere to my dissenting opinion in *Waltz* explaining that MCL 600.5856 applies to toll the wrongful-death saving period. *Waltz*, 469 Mich at 655-672 (CAVANAGH, J., dissenting). Thus, in my view, it makes no difference that the *Bush* plaintiff relied on the statute of limitations, whereas plaintiff here relies on the wrongful-death saving period.

Irrespective of this Court's holding in *Bush*, it is my view that "when a notice of intent . . . is deficient, MCL 600.2301 should control and the deficiency should be disregarded if there is no effect on the substantial rights of a party." *Boodt v Borgess Med Ctr*, 481 Mich 558, 564 (2008) (CAVANAGH, J., dissenting). And under MCL 600.2301, an amendment is allowed "'at any time' before judgment is rendered." *Id.* at 568, quoting MCL 600.2301; see, also, *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 71-77 (2002) (MARILYN KELLY, J., dissenting). Further, the plain language of MCL 600.5856(a) clearly states that the filing of a complaint tolls the limitations period. *Kirkaldy v Rim*, 478 Mich 581, 586-587 (2007) (CAVANAGH, J., concurring in the result). Thus, despite any alleged defects in plaintiff's notice of intent, in my view, the wrongful-death saving period was tolled by the filing of the complaint, and plaintiff is entitled to amend the notice of intent to meet the requirements of MCL 600.2912b.

Accordingly, I respectfully dissent from the majority's order in this case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 26, 2013

_____
Clerk

d0423